[Kohlenberg v. Shaw.]

# Kohlenberg v. Shaw.

### Will Contest.

(Decided January 11, 1917.  73 South. 932.)

1. **Wills     Revocation by Codicil.**—Where it appears definitely from the contents of the subsequent instrument and the evidence in connection therewith that it was not the intention of the intestator to revoke a formal will but merely to make certain changes therein the subsequent instrument will be treated as a codicil notwithstanding § 6174, Code 1907, and the subsequent instrument should be proved in connection with the former and the two instruments considered and construed together; and this is true notwithstanding the subsequent instrument is not styled or called a codicil.

2. **Appeal and Error; Review; Finding of Court.**—The finding of the trial court based on conflicting evidence will not be disturbed on appeal.

APPEAL from Blount Probate Court.

Heard before Hon. JOHN F. KELTON.

Petition by Annie Kohlenberg to probate the will of Charles Kohlenberg, with contest by Kate Shaw. Decree for contestant, and proponent appeals. Reversed and remanded.

The contest was based on the ground that the alleged will was not the last will and testament of the said Kohlenberg, in that it was revoked by a later will. The will referred to in the contest is as follows:

"I hereby bequeath to Martha Kohlenberg, my granddaughter, $300, a home on my homestead as long as she remains single. And the remainder of my earthly proceeds to be divided equally among my four legal heirs [naming them]."

The original will, the one sought to be probated, was:

"I hereby bequeath my homestead of 47 acres, with all the appurtenances thereunto belonging, to my granddaughter Annie Kohlenberg, to have and to hold, giving her all the rights in the same that I now have, and I further appoint her my executrix to collect all the debts which may be due me at my death, and divide the same among my heirs equally, naming them as in the will above set out, after my doctor's bill and funeral expenses are paid."

On motion of the contestant, the last will above set out dated June 8, 1915, was excluded from the evidence, and the court directed a verdict for the contestant.

[Kohlenberg v. Shaw.]

O. A. STEELE, for appellant.  RUSSELL & JOHNSON, for appellee.

ANDERSON, C. J.— (1, 2) In the case of *Bruce v. Sierra,* 175 Ala. 517, 57 South. 709, Ann. Cas. 1914D, 125, we held that the mere making of a legally executed subsequent will would revoke a prior will regardless of the contents of the latter.   In doing this we felt bound by the construction given the statute (section 6174 of the Code of 1907) in the case of *Barker v. Bell,* 49 Ala. 284, subsequently cited and approved in the cases of *Wilson v. Bostwick,* 151 Ala. 536, 44 South. 389, and *Allen v. Bromberg,* 147 Ala. 317, 41 South. 771, and the fact that the statute as thus construed had been brought forward in several subsequent codes unchanged.  We did not mean to then hold, however, that if the subsequent instrument and the proof connected therewith showed that it was intended as a mere codicil, the execution of same would revoke a former will in its entirety.   In other words, if it definitely appears from the subsequent instrument and the evidence that it was not the intention of the testator to revoke the former will, but to merely make certain changes therein, the latter will be treated as a codicil, and should be proved in connection with the former, and the two should be considered and construed together.   It is true that the subsequent instrument in the case at bar is not styled a codicil, but it makes no final disposition of the home devised in the former instrument, but divides the other property between the same devisees provided for in the will of June 8th, and the only change whatever was to provide a home for "Martha Kohlenberg," a granddaughter, or $300 in case she had to leave said home.   It makes no attempt whatever to dispose of the home which had been devised to Annie Kohlenberg of about June the 8th.   This last paper was executed within less than a month after the first, and makes no attempt to revoke the first or to change the gift of the personality, or the realty, except to give Martha a home upon same or $300 in lieu thereof.   It also appears from the evidence that the testator became dissatisfied with the will of June the 8th only because it made no provision for Martha, and the conclusion is irresistible that the last paper was intended merely as a codicil and for the sole purpose of providing a home for Martha upon the land which had been devised to Annie Kohlenberg, and this conclusion must be reached regardless of the form or name of

[Anders Bros., et al. v. Latimer, et al.]

the second instrument, as it was written by one not versed in the skill and science of the law. The trial court erred in excluding the will of June the 8th, upon the theory that the second instrument was a will and completely revoked the will offered for probate. There is quite a conflict in the evidence as to the execution of the second instrument, but the evidence was ore tenus, and we will not disturb the finding of the trial court in this respect. If, however, upon another trial the court is not satisfied with the proof of the execution of the second instrument, and it is rejected, then the first one should be admitted without change or modification. On the other hand, if the trial court finds that the second one was executed, it should be treated as a codicil to the will of June the 8th, and the two should be received and construed in connection with each other.

The decree of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.