(101 South. 618)

**BRIZENDINE v. AMERICAN TRUST & SAVINGS BANK et al. (6 Div. 129.)**

(Supreme Court of Alabama. June 26, 1924. Rehearing Denied Oct. 16, 1924.)

**1. Executors and administrators ⬅473, 474 (3)—Rule stated as to when administration of estate transferred from probate court to circuit court in equity.**

Under Act 1911, p. 574, § 3, as amended by Acts 1915, p. 738, averments in verified petition by administrator with will annexed that no final settlement of estate has been made in probate court, and that in opinion of petitioner it can be better administered in circuit court in equity than in probate court, entitle petitioner to order of removal of estate from probate court to circuit court.

**2. Wills ⬅702—Bill seeking interpretation of will and instructions as to its administration held to have equity.**

Bill by administrator with will annexed, seeking interpretation of will, and instructions as to its administration which presented questions of disputable solution, held to contain equity.

**3. Wills ⬅455—Fact that will was drawn by unskilled hand to be considered in construction.**

Fact that will was inartificially drawn by unskilled hand should be considered in construction.

**4. Wills ⬅440—Intention of testatrix to prevail, if not contrary to statute or not inconsistent with public policy.**

In construing a will, court should look to intention of testatrix drawn from entire instrument, which must prevail, if not contrary to statute or inconsistent with public policy.

**5. Wills ⬅568—Legacy of annual sum payable out of rents until sufficient funds collected to pay other legacies held to cease on payment of other legacies.**

Where bequest of four $1,000 legacies was followed by bequest to testator's grandson of $100 per year for clothes "until * * * money left * * * and the collections for rent amount to $4,000 bequeathed," etc., held, considering entire will, that legacy to grandson ceased when sufficient amount from cash and rent was collected to pay $4,000 legacies.

**6. Wills ⬅820(4) — Legacies held preferred charges on cash in bank at testatrix's death and on rents from real estate.**

Where, after bequest of four $1,000 legacies, there was bequeathed to testatrix's grandson $100 a year "until * * * money left * * * and collections for rent amount to $4,000 bequeathed to" such legatees, held that such legacies were preferred charges on cash in bank at testatrix's death and on rents to be collected from real estate.

**7. Wills ⬅629—Law favors vesting of estates at earliest moment.**

Law favors vesting of estates at earliest moment.

**8. Wills ⬅630(3)—Devise of one-half of real estate when devisee became 21 held to vest title in him at death of testatrix.**

Where will provided that when certain legacies were paid from rents one-half of testatrix's real estate should go to her grandson when he becomes 21 years of age, held, that such one-half interest vested in him at her death; attaining age of 21 not being condition precedent to vesting.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. Wills ⬯647—Condition precedent to devise that devisee leave wife void as against public policy, and devise valid.**

Condition precedent in devise that devisee leave his wife was void as against public policy, and devise was valid.

**10. Wills ⬯654—Devise on void condition precedent held to vest title in devisee on death of testatrix.**

Where devise was on condition precedent which was void as against public policy, title vested in devisee at death of testatrix, subject to payment of debts of estate and pro rata share of legacies charged on rents.

**11. Wills ⬯473—Legacy to be paid from rents of land devised on void condition precedent held valid, being separable.**

Where devise was on void condition precedent that devisee should leave wife within 7 years, legacy of $100 per year for such 7-year period from rents of land so devised, legacy to be paid whether devisee complied with condition or not, *held* valid.

Gardner, J., dissenting.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Frank L. Brizendine, as administrator with the will annexed of the estate of Bettie Brizendine, deceased, and Frank L. Brizendine individually, against the American Trust & Savings Bank, as guardian of Frank L. Brizendine, Jr., and the Octavia White Home for Aged Women. From the decree complainant Brizendine and respondent (cross-complainant) Octavia White Home for Aged Women appeal. Affirmed in part, reversed and rendered in part, and remanded.

The will of Bettie Brizendine, in material part, is as follows:

"I do hereby bequeath to my own son, Frank L. Brizendine, living in Birmingham, Alabama, Jefferson county, $1,000—I also bequeath to my three step-children, named, Willie Brizendine, now living in Palestine, Texas, and his sister, Maud Brizendine Sowell, now living in Omaha, Nebraska, and Ruby Brizendine Edge, now living in Fairfield, near Birmingham, Alabama, each, $1,000, and to little Frank L. Brizendine, Jr.—I bequeath to him $100 a year, for his clothes—until—the $4,000, which in part, money, left in the American Trust & Savings Company, and the collections for rents amount to $4,000, bequeathed to my own son Frank Brizendine and Frank Brizendine, Jr., and my three step-children, Willie, Maud and Ruby Brizendine.

"My real estate property consists of one two-story store, occupying 25 feet front, on First avenue, between 18th and 19th streets, No. 1826; also two two-story buildings used for stores on Second Avenue between 24th and 25th streets, No. 2409 and 2411. Also one dwelling, one-story, on Magnolia avenue and 13th street, No. 1116; also one-story dwelling on 25th St. South, No. ——. When the $4,000 divided between my own son, Frank L. Brizendine, and my three step-children, Willie, Maud,

and Ruby Brizendine, and $100 a year for Frank L. Brizendine, Jr. Then of all the real estate left I bequeath my grand-son little Frank L. Brizendine, Jr., one-half of all my real estate when he becomes twenty-one years of age, I also bequeath him, Frank Brizendine, Jr. my gold watch.

"The other half of my real estate I will bequeath to my own son, Frank L. Brizendine, provided he will reform, and give up living with, or having anything to do with this Mrs. Moore by name, whom he now lives with, and who alienated Frank's affections from his legitimate wife and son Frank Brizendine, Jr., and he, Frank Brizendine, shall not have a dollar of my real estate, unless he forsakes her (Mrs. Moore) and has nothing to do with her for a period of seven years, and proves that he has given her, Mrs. Moore, up—then I bequeath him, Frank Brizendine, the other half of all my estate. But during the seven years, I give, or bequeath $100 a year from the rents collected from half of my estate, to 'The Old Ladies' Home' at Woodlawn, and at the expiration of seven years if my son Frank Brizendine has given up this woman, Mrs. Moore, he is to have the other half of my estate, and if he decides to continue to live with her as he now does, the other half of my estate I bequeath to his son, my grandson, Frank L. Brizendine, Jr. During the seven years that I have mentioned for my son to reform, the rents over the amount of $100 a year for the 'Old Ladies' Home' I will, that it be put in the American Trust & Savings Company Bank to remain in trust, to be given to the son, or grand-son, that the real estate goes to. I appoint Mr. T. C. McDonald, my brother, to be executor of my estate until it is settled, or if he should die before it is settled, I want his son, Kenneth McDonald to finish a settlement of my estate."

Martin, Thompson & Turner, of Birmingham, for appellants.

In a will, where the time of division or payment is of the substance of the gift, the legacy is contingent. Nixon v. Robbins, 24 Ala. 663; Vanzant v. Morris, 25 Ala. 285; Travis v. Morrison, 28 Ala. 494; Johnson v. Terry, 139 Ala. 614, 36 So. 775; Bingham v. Sumner, 206 Ala. 266, 89 So. 479; Phinizy v. Foster, 90 Ala. 262, 7 So. 836.

Nesbit & Sadler, of Birmingham, for appellee American Trust & Savings Bank.

The attaining by Frank L. Brizendine, Jr., of the age of 21 years was not as a condition precedent to the vesting of the estate, but a simple postponement of the period at which he should take possession. The estate devised to him is vested, and not contingent. Radley v. Kuhn, 97 N. Y. 26; Clark v. Peters, 68 Misc. Rep. 252, 124 N. Y. S. 961; Roome v. Phillips, 24 N. Y. 463; 28 R. C. L. 231; Gregg v. Bethea, 6 Port. (Ala.) 9; Marr v. McCullough, 6 Port. (Ala.) 507.

Frank S. White & Son and E. C. Crow, all of Birmingham, for appellee (cross-appel-

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

lant) Octavia A. White Home for Aged Women.

The decre was in error in disallowing the legacy made to cross-appellant. 40 Cyc. 1080, 1691, 1704; Ralls v. Johnson, 200 Ala. 178, 75 So. 926; Smith v. Smith, 157 Ala. 79, 47 So. 220, 25 L. R. A. (N. S.) 1045; Castleberry's Case, 176 Ala. 250, 57 So. 849; Steele v. Crute, 208 Ala. 2, 93 So. 694; Darrow v. Florence, 206 Ala. 675, 91 So. 606.

MILLER, J. Bettie Brizendine, a widow, died on April 8, 1923, in Jefferson county, leaving a last will and testament. It was duly probated in the probate court of Jefferson county. She left only one heir, a son, Frank L. Brizendine, who was by this probate court appointed administrator with the will annexed of the estate.

This is a bill in equity to remove the administration of the estate into the circuit court, in equity, filed by the administrator in his individual and administrative capacity. It seeks to have the estate administered therein, and to have the will construed by the court to aid him in administering the trust and performing the duties imposed on him by it.

The American Trust and Savings Bank, a corporation, as guardian of Frank L. Brizendine, Jr., a legatee and devisee under the will, who is a son of complainant and grandson of testatrix, and the Old Ladies' Home at Woodlawn, a legatee, which is a corporation under the name of Octavia White Home for Aged Women, are made parties defendant.

The Octavia White Home for Aged Women demurred to the bill, which demurrer was overruled by the court.

This is an application to remove the administration of the estate from the probate court into the circuit court in equity. It was filed by the only heir of decedent, and the administrator with the will annexed of the estate; and he is also a legatee and devisee under the will. It avers there has been no final settlement of the estate in the probate court; that in the opinion of the petitioner such estate can be better administered in the circuit court in equity than in the probate court; and the petition is sworn to by the applicant.

[1, 2] Under the Act of 1911, p. 574, § 3, as amended by Acts 1915, p. 738, these averments in the petition, made and sworn to by an heir, devisee, legatee, or administrator with the will annexed, are sufficient to give the circuit court in equity jurisdiction of the administration of the estate, and entitle petitioner to an order of removal of the estate from the probate court to be made by the circuit court, or judge thereof, either in term time or vacation. Parker v. Robertson, 205 Ala. 434, 88 So. 418. In this aspect of the bill there is equity. Then the administrator by the bill seeks an interpretation of the will and instructions of the court in its administration. The will is made a part of the bill. It presents some questions of disputable solution on which legal minds might and do differ in the interpretation of it; and in this aspect of the bill there is also equity. Carroll v. Richardson, 87 Ala. 605, 6 So. 342. The court did not err in overruling the demurrers of this respondent to the bill of complaint.

The guardian of the minor, Frank L. Brizendine, Jr., filed an answer to the bill, and the Old Ladies' Home, known officially as Octavia White Home for Aged Women, filed an answer in the nature of cross-bill. It seeks to have the will of the decedent interpreted so as to give it annually, for seven years, $100 a year, from the rent and income of one-half of the real estate bequeathed to complainant individually, the son of decedent.

The court on final hearing, on pleading, proof, and agreement of the parties, decreed complainant was entitled to relief, construed the will in part contrary to the interpretation desired and contended for by complainant, denied cross-respondent relief, held the bequest to it of $100 per annum for seven years was void, and dismissed the cross-bill. This appeal is prosecuted by complainant and this cross-respondent from that decree, and each assigns errors based on it.

[3, 4] This will was inartificially drawn by an unskilled hand, and this should be considered in its construction, yet the court in construing it should look to the intent of the testatrix to be drawn from the entire instrument, and the testatrix's intent in its interpretation must prevail, if it is not contrary to the statute, or if it is not inconsistent with public policy. Castleberry v. Stringer, 176 Ala. 250, 57 So. 849; 12 Michie's Dig. p. 1017, §§ 227–228.

[5, 6] The trial court decreed the legacies of $1,000 each to the son of testatrix and her three step-children named in the will, and the legacy of $100 a year to her grandson "for his clothes" were valid, and they are a charge on the money of decedent in bank at her death and a charge on the rents collected from all of her real estate until paid. The court also decreed the legacy of $100 per annum for clothes for her grandson was to cease when the $4,000 legacies were paid.

The complainant insists this was error; that the testatrix intended for him to have $100 per annum from the rents of this property. The testatrix states:

"I bequeath to him $100 a year for his clothes—until the $4,000 which in part money left in the American Trust and Savings Company and the collections for rent amount to $4,000 bequeathed to my own son Frank Brizendine and Frank Brizendine, Jr., and my three step-children, Willie, Maud and Ruby Brizendine."

This sentence in the will is not complete and clear; but it appears from it that the testatrix desired the $100 for clothes to be paid annually until the cash and rents collected amounted to sufficient sum to pay the $4,000 legacies. It is clear from the context and from the entire will that the testatrix intended the $100 legacy per annum for clothes for her grandson would cease to be a charge on the rent of her real estate when the $4,000 legacies were paid from the cash left and the rents collected. These legacies are preferred charges on the cash in bank at her death, and on the rents to be collected from her real estate; and, while the $4,000 legacies are being collected and paid out of the rents, the testatrix makes a charge on the rents also of $100 per annum for her grandson for his clothes; the $100 annual legacy for clothes for the grandson from the rents to cease when sufficient amount from cash and rent is collected to pay the $4,000 legacies. This was the evident intent of the testatrix, and the court so decreed, and that part of the decree is affirmed.

It is clear from the will that the testatrix intended to bequeath to her grandson, Frank L. Brizendine, Jr., an undivided one-half interest in her real estate, subject to the legacies as hereinbefore shown; but was this interest contingent or vested, was it an executory devise subject to be divested by his death before reaching the age of 21, or did it vest absolutely in him at her death, subject to the charge of the legacies? The complainant contends the testatrix intended to bequeath to the grandson a contingent interest in this real estate, contingent upon his attaining the age of 21 years, and subject to be divested by his death before reaching 21. The guardian of the minor insists that the title to one-half of the real estate of the decedent under the will at her death vested absolutely in the grandson. The will contains this clause after the testatrix describes her real estate:

"When the $4,000 divided between my own son, Frank L. Brizendine, and my three stepchildren, Willie, Maud and Ruby Brizendine, and $100 a year to Frank L. Brizendine, Jr. Then of all the real estate left, I bequeath my grandson little Frank L. Brizendine, Jr., one-half of all my real estate when he becomes twenty-one years of age."

The first sentence is not complete; when read in the light of the entire will it is clearly seen the words "are paid" were intended in the first sentence by the testatrix. "When the $4,000 and $100 legacies are paid from the rents, then I bequeath one-half of all my real estate to my grandson when he becomes twenty-one years of age," appears to be the expression of the testatrix, and from the entire will we must gather and find her intent.

[7] The law favors the vesting of estates at the earliest moment, and this court in Pearce v. Pearce, 199 Ala. 496, 74 So. 952, wrote:

"The law favors the construction by which the estate is regarded as vested rather than contingent, or by which it will become vested at the earliest moment; and this time is usually at the death of the testator. In Duffield's case, 1 D. & C. 311, the chief justice states, as the rule for the guidance of that court, that: 'All estates are to be holden to be vested, except estates in the devise of which a condition precedent is so clearly expressed that the courts cannot treat them as vested without deciding in direct opposition to the terms of the will.'"

In Radley v. Kuhn, 97 N. Y. 35, the court wrote:

"It is well settled that where an estate in land is devised to an infant, 'when he attains the age of twenty-one years,' his attaining that age is not a condition precedent to the vesting of his estate, but a simple postponement of the period at which he shall take possession."

This rule was declared by this court in Johnson v. Terry, 139 Ala. 617, 36 So. 775:

"A rule for determining whether an estate bestowed by a will is vested or contingent is, 'that where the time of division or payment is of the substance of the gift, the legacy is contingent; when time is mentioned only as a qualifying clause of the payment or division, then the legacy is vested'; or, in other words, 'legacies payable after the death of the testator are either vested or contingent; and when the testator annexes time to the payment only, the legacy will be vested, but if of the gift itself, it will be contingent.' High v. Worley, 32 Ala. 709; McLeod v. McDonald, 6 Ala. 236; Marr v. McCullough, 6 Port. 507."

[8] There are no conditions annexed to the devise to the grandson. When the legacies are paid testatrix by the will then devises to him "one-half of all my real estate when he becomes twenty-one years of age." It appears from the will, and we hold she intended, for the guardian to have $100 a year from the rent of the real estate until a sufficient amount was collected from the rents to pay the $100 annually and the balance of the $4,000 legacies, then he was to receive the entire rent from an undivided one-half of the real estate until he reached the age of 21, and then the possession of an undivided one-half of the real estate was to be delivered to him. His attaining the age of 21 was not by the will made a condition precedent to the vesting in him of an undivided one-half interest in this real estate; it was the time fixed when he should take possession of it. The trial court by decree held the title to an undivided one-half of all the real estate owned by the testatrix at her death vested at her death in Frank L. Brizendine, Jr., subject to the debts of the estate, and subject to the pay-

ment of its pro rata share—one-half—of the legacies mentioned which are a charge on the rents from this property. We find this part of the decree is correct, and it is affirmed. 2 Alexander on Wills, pp. 1438–1440; Thompson on Wills, § 254, p. 230, and authorities supra.

[9, 10] The testatrix by the will bequeathed to her son, the complainant, the other undivided one-half interest in the real estate, the real estate owned by her at her death, but it is upon condition. This condition is thus stated in the will:

"The other half of my real estate I will bequeath to my own son, Frank L. Brizendine, provided he will reform, and give up living with, or having anything to do with this Mrs. Moore by name, whom he now lives with, and who alienated Frank's affections from his legitimate wife and son Frank Brizendine, Jr., and he, Frank Brizendine, shall not have a dollar of my real estate, unless he forsakes her [Mrs. Moore] and has nothing to do with her for a period of seven years, and proves that he has given her, Mrs. Moore, up—then I bequeath him, Frank Brizendine, the other half of all my estate."

It is undisputed that complainant was legally married to the said Mrs. Moore in July, 1921, and she was his legal wife at the time of the execution of this will on October 24, 1921. The complainant had been married before, but had been divorced from his first wife, and was allowed by the court the privilege of marrying, which he did on July 31, 1921, to Mrs. Moore, the person named in the will.

It is evident that the testatrix intended to bring about a separation or divorce between her son and his wife by this condition precedent in the will to the vesting in him of an undivided one-half interest in this real estate. This condition is void; the devise to the son is valid and the title to this one-half of the real estate of the testatrix vested in him at her death subject to the payment of the debts of the estate and its pro rata share of the legacies, as aforesaid. This condition is against public policy, and it will not be sanctioned by the law. This condition in this will is void as against public policy. 40 Cyc. 1703 [11], h. n. 86; Hawke v. Euyart, 30 Neb. 149, 46 N. W. 422, 27 Am. St. Rep. 391; In re Estate of Gunning, 234 Pa. 139, 83 A. 60, 49 L. R. A. (N. S.) 637, and notes. The trial court properly held this condition precedent in the will was void, and the devise to her son was valid to an undivided one-half interest in this real estate, subject to the payment of the debts of the estate, and subject to the payment of its pro rata share (one-half) of the legacies mentioned from the rents as hereinbefore stated, and this part of the decree is affirmed.

[11] The parties agree that the Old Ladies' Home referred to in the will was intended by testatrix for and is the same as the Octavia White Home for Aged Women, Incorporated, which is the cross-respondent in this cause.

The will of testatrix contains this clause:

"But during the seven years, I give, or bequeath $100 a year from the rents collected from half of my estate to The Old Ladies' Home at Woodlawn, and at the expiration of seven years if my son Frank Brizendine has given up this woman, Mrs. Moore, he is to have the other half of my estate, and if he decides to continue to live with her as he now does, the other half of my estate I bequeath to his son, my grandson, Frank L. Brizendine, Jr. During the seven years that I have mentioned for my son to reform, the rents over the amount of $100 a year from the Old Ladies' Home I will, that it be put in the American Trust & Savings Company Bank to remain in trust, to be given to the son, or grandson, that the real estate goes to."

The trial court held this legacy of $100 a year for 7 years was a part of the void condition in the will, and it must fall with the void condition of which it is an inseparable part.

We find this general text on this subject in 40 Cyc. 1080, h. n. 93:

"It is a rule of general application that if a will is valid as to some of its provisions and invalid as to others, and the valid provisions can be separated from the invalid, and upheld without doing injustice to any of the beneficiaries under the will or defeating the general intent of the testator, the will must be sustained in so far as it is valid."

This legacy of $100 per annum for 7 years from the rent of this one-half of her real estate to this cross-respondent is a valid provision. This legacy is not made to depend upon the performance of this condition by the son. It is not dependent on the validity or invalidity of the condition attached to the devise to the son of this one-half of her property. This $700 is to be paid out of the rent under the will if the son complies with the void condition, and it is to be paid out of the rent if he fails to do so, and this property and the balance of the rent during that period should go to the grandson. This intent of the testatrix is clearly expressed in the will. This $700 legacy was intended by the testatrix to be paid out of the rent from this one-half of her property during the 7 years whether the title to the property vested eventually in the son or the grandson. This legacy of $100 a year for 7 years to this cross-respondent is a charge and lien also on the net rents or income from this one-half of the real estate bequeathed by the testatrix to her son. The trial court erred in its decree, holding that this cross-complainant takes nothing under the will, and in dismissing the cross-bill; that part of the decree will be reversed and one here rendered in accordance with this opinion.

It results that the parts of the final decree assigned as error by the complainants, appellants, and herein mentioned, are affirmed; and that part of this decree assigned as error by cross-complainant, the cross-appellant, is reversed and rendered. The decree overruling demurrers of cross-complainant to the bill of complaint is affirmed.

Affirmed in part, reversed and rendered in part, and remanded.

ANDERSON, C. J., and SAYRE, SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

GARDNER, J., dissents.