(126 So. 636)

## McKISSACK v. ASHURST.

### 5 Div. 44.

Supreme Court of Alabama.

Dec. 19, 1929.

Rehearing Denied March 20, 1930.

Fred T. Farnell, of Dadeville, and P. B. McKenzie, of Tallassee, for appellant.

Jas. W. Strother, of Dadeville, for appellee.

ANDERSON, C. J.

While this court, in the case of Bruce v. Sierra, 175 Ala. 517, 57 So. 709, Ann. Cas. 1914D, 125, was constrained to hold, under

the weight of our former decisions, that even in the absence of a revoking clause a subsequent will revoked the former one, and whether repugnant thereto or inconsistent therewith or not, we meant a will in the ordinary conception of the term and as defined by the authorities, and not by a mere testamentary nomination of an executor such as the instrument of 1919. "A will is an instrument by which a person makes a disposition of his property, to take effect after his decease, and which is in its own nature ambulatory and revocable during his life." Blacksher v. Northrop, 176 Ala. 190, 57 So. 743, 42 L. R. A. (N. S.) 454, Rice v. Rice, 68 Ala. 216.

■ The instrument of 1919 made no disposition of the testator's property, but is, at most, a mere testamentary appointment of a representative, and while entitled to proof and probate if properly executed, Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L. R. A. (N. S.) 963, is not such a will as would, by its own force and effect, revoke the will of 1909. True, such instruments are entitled to probate and have been loosely mentioned as wills, yet we do not think that our statute intended that such instruments should ipso facto revoke a former will and which should be more properly designated as a "testamentary nomination."

■ We think the trial court erred in holding that the instrument of 1919 revoked the will of 1909, but, if the last instrument was legally made so as to entitle it to probate, it should be treated as a codicil to the will of 1909. Kohlenburg v. Shaw, 198 Ala. 571, 73 So. 932.

The decree of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

SAYRE, THOMAS, and BROWN, JJ., concur.