153 So. 648

**SMITH et al. v. STONE.**
**7 Div. 235.**

Supreme Court of Alabama.
March 8, 1934.

Irby A. Keener, of Centre, Mark B. Eubanks, of Rome, and C. B. Sims, of Centre. for appellants.

Hugh Reed, of Centre, for appellee.

GARDNER, Justice.

Upon a jury trial in the circuit court the will of Mary J. Chandler was sustained, and contestants appeal.

The principal insistence by counsel for appellants relates to the matter of due execution of the will. It appears that decedent in November, 1913, executed the will which was witnessed by E. W. Brannon and J. P. Farill, and wherein J. N. Webb and D. O. Preskitt were named executors. But in March, 1929, some four years previous to her death, she desired to change the executors, and substitute for those originally named "J. A. Stone or Camp Stone." This was done by drawing a line through the names of the orig-

inal executors and adding the above-substituted names, and a line drawn through the names of the original witnesses to the will as well as the original date. And on March 11, 1929, decedent went to the store of one J. A. Stone, who assisted her by writing in the names of the newly appointed executors, redating the will and calling the witnesses thereto, W. W. Hardwick and H. J. Bishop.

The proof discloses that on that occasion decedent stated that it was her will in which she had made a change and the signature thereto was her own. The only change made was in naming two other executors as substitutes for those originally designated.

There was nothing in the proof tending to show any intention of revocation of the will as originally executed (McKissack v. Ashurst, 220 Ala. 576, 126 So. 636; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427; Kohlenberg v. Shaw, 198 Ala. 571, 73 So. 932), but rather, on the contrary, a confirmation thereof. The two witnesses, Bishop and Hardwick, signed as such in the presence of testatrix and in the presence of each other. Mr. Stone was also present. The witnesses saw the instrument and testatrix's signature thereto, and she told them it was her will, and acknowledged her signature thereto. But the proof shows there was no resigning of the will, and appellants insist this was essential. Such, however, is not the rule. "It is well settled that the witnesses need not be present when the testator signs the will, nor need they sign their attestation in the presence of each other." Ritchey v. Jones, 210 Ala. 205, 97 So. 736, 737.

If the signature has been previously affixed, an acknowledgment to the attesting witnesses, as here appears was the case, that the instrument was her will, and the signature thereto was her own, sufficed to meet all requirements of due execution. Reynolds v. Massey, 219 Ala. 265, 122 So. 29.

Upon this issue the court may well have given affirmative instructions in proponent's favor.

The only matters argued in brief of appellants relate to the question of due execution of the will as discussed above. We conclude, therefore, no reversible error appears, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.