145 So.2d 789

Leila C. CALHOUN et al.

v.

S. D. THOMAS et al.

4 Div. 135.

Supreme Court of Alabama.

Aug. 30, 1962.

Rehearing Denied Oct. 18, 1962.

Lee & McInish, Dothan, for appellant.

L. A. Farmer, Jr., Dothan, for minor appellees.

MERRILL, Justice.

Appeal from a final decree construing the will of the decedent to have devised certain real property to his son and daughter, for life, with remainder to their children. The son, daughter and widow, appellants, contended that the property was devised to the son and daughter in fee simple.

V. H. Calhoun died in Houston County on August 20, 1955. His will was duly probated on September 30, 1955, after a guardian ad litem was appointed to represent the interests of Calhoun's son and daughter, who were then minors, but who are now over twenty-five years of age. The son, Charles Arthur Calhoun, has three children and the daughter, Mary Nell Calhoun Ponder, also has three children.

The decedent's will was in his own handwriting. It provided in part that when his son, Charles Arthur Calhoun, reached the age of twenty-five years, he and Mary Nell Calhoun should become the joint owners of 1200 acres of land in Houston County and two lots in Dothan, all of which was identified and described. It was then stated in the will that "The above mentioned property shall remain jointly owned by Charles Arthur and Mary Nell Calhoun (for the period of their life and shall go to their heirs at their death). Should Charles Arthur and Mary Nell Calhoun leave no bodily heirs his or her interest in said property becomes the property of the other."

A line was drawn through the words in parentheses and V. H. Calhoun's name was written between the lines.

Appellant Charles Arthur Calhoun conveyed his interest in 600 acres to his sister, and she conveyed her interest in the other 600 acres to him. They received a quitclaim deed from their mother and they later sold one of the lots in Dothan to appellee, S. D. Thomas.

On October 6, 1961, the widow, the son and the daughter of V. H. Calhoun filed the bill of complaint, seeking a construction of the will on the ground that some doubt had arisen as to whether an absolute fee vested in the son and daughter under the will and that doubt cast a cloud on their title. The respondents were S. D. Thomas, the three minor children of Charles Arthur Calhoun, the three minor children of Mary Nell Calhoun Ponder and "all unborn children of Charles Arthur Calhoun and Mary Nell Calhoun Ponder."

The widow testified that the decedent told her when he marked through the words in parentheses that he was going to leave the property to his son and daughter to do with as they pleased, that he intended to leave it to them in fee simple and that the words in parentheses were marked through and stricken at a date later than the execution of the will.

The court below rendered a decree that V. H. Calhoun, deceased, intended to and did bequeath and devise to appellants, Charles Arthur Calhoun and Mary Nell Calhoun Ponder, jointly, a life estate in and to the said 1200 acres of farm land and the lots in Dothan, and intended for the remainder of said property to go to the bodily heirs of his two said children, contingent upon their leaving such bodily heirs. The court further found that there was an alteration made in said Last Will and Testament by the said V. H. Calhoun at a time subsequent to the execution thereof, which was intended by the said V. H. Calhoun to strike and remove from said Last Will and Testament the restriction in said property to a life estate in appellants, Charles Arthur Calhoun and Mary Nell Calhoun Ponder. But the court held that this alteration must be considered a codicil, and since the codicil was not executed in accordance with the law, it was not effective. As a result, the court held that the son and daughter held a life estate in the property and their bodily heirs at the time of their death would be the owners. From this ruling, the appellants took this appeal.

Counsel for both sides agree that this is a proper case for construction of a will under the declaratory judgment act.

Robinson v. Robinson, 273 Ala. 192, 136 So. 2d 889; Foshee v. Mitchell, 270 Ala. 533, 120 So.2d 741; Tit. 7, § 159, Code 1940.

Appellants' main contention is that since the intention of the testator was to vest the title in fee simple in his son and daughter, and since the will was duly probated in the probate court, and there was no contest or appeal within the time prescribed by law, the circuit court "could not go beyond the instrument itself", and that the decree of the circuit court is improperly founded upon matters predating the probate of the will. We cannot agree.

■ It is no part of the duty of the probate court to construe a will propounded for probate, or to pass upon the effect of its provisions. If the paper is in form of a will, is executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence be shown, it is the duty of the court to admit it to probate. Tankersley v. Tankersley, 270 Ala. 571, 120 So.2d 744; Conoway v. Fulmer, 172 Ala. 283, 54 So. 624; 34 L.R.A.,N.S., 963. The will before us met all the requirements and was entitled to be probated irrespective of the marking through certain words and enclosing them in parentheses.

The declaratory judgment statute, Tit. 7, § 157, gives a person interested under a will the right to "have determined any question of construction or validity arising under the instrument." The real question presented was the validity of the act of the testator in marking through certain words, placing them in parentheses and signing his name.

This question is decided adversely to appellants' contentions in Law v. Law, 83 Ala. 432, 3 So. 752, where the court said:

"All alterations or revocations of *any part or any clause* of a properly executed will must be made not by burning, tearing, cancelling, or obliterating, but only by a new will or codicil properly subscribed by the testator, and attested by at least two subscribing witnesses in the mode prescribed by the statute."

The opinion in the Law case cited Eschbach v. Collins, 61 Md. 478, with approval. There, the "testator erased or obliterated the names of two of his sons, wherever they occurred in his will, by drawing a line through them with a pen, but leaving the names legible—such erasures operating to confer estates in fee simple on all the sons by destroying the life-estates created. It was held, that while, under the express words of the statute, it was permissible for a testator to revoke his will *pro tanto*, by obliterating one or more clauses, where the effect of such erasure was simply to expunge a legacy or devise, without making a different disposition of the estate, yet that any alterations in a will by interlineation or obliteration, whereby it was sought to make such different disposition of devised property, by creating new rights and interests in others, would be void, unless authenticated, as a new will or codicil, in the manner prescribed by statute. The attempted obliterations being inoperative, the will, it was said, must be read as it was originally written and executed."

■■ There is no contention here that the testator intended to revoke the will in toto, but if a will is altered other than by a new will, it must be by "some other writing subscribed by the testator, and attested as prescribed in the first section of this article." Tit. 61, § 26, Code 1940. Since the attempted codicil was not properly attested it was not effective, and the will must be read as originally written and executed.

■■ In Barnewall v. Murrell, 108 Ala. 366, 18 So. 831, we held that if there are alterations or additions to a will, they do not vitiate the instrument. If not made as the statute requires, they are mere nullities, and the will as it existed at the time of execution is unaffected in validity. Regardless of the thoughts or contemplation of the testator, until there is a change, or alteration, or revocation in the mode required by statute, the legal presumption is that the result of all thought and contemplation was a determination to adhere to the will as executed.

The trial court correctly held that the alteration in the will must be treated as a codicil and since the codicil was not executed according to the statute, Tit. 61, § 24, Code 1940, it was not effective.

■ Appellee makes application for attorney's fee on this appeal, and submits an affidavit in support of the claim. In view of the amount allowed by the trial court, we allow an attorney's fee of $100 for the representation of the minors and any unborn children on this appeal.

Affirmed, and attorney's fee awarded.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.

On rehearing.

MERRILL, Justice.

■ Appellants insist that our opinion in this case is "in conflict with and contrary to the law of Alabama" and the opinion cannot "be reconciled with" Caverno v. Webb, 239 Ala. 671, 196 So. 723; Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, and Hall's Heirs v. Hall, 47 Ala. 290. Those cases hold the probate of a will is a proceeding in rem, fixes the status of the res, and is binding on all the world until revoked or vacated in a direct proceeding to that end, and, until then, a will as probated becomes a muniment of title in all actions between the parties wherein title is involved. The probate of a will is conclusive and binding and the court as well as all the world is conclusively bound by the fact of probate in an action for the construction of will.

There is nothing in our opinion which conflicts with that proposition of law. The will was properly probated, and it is not questioned here that it is binding on all the parties. The question before us and before the trial court was the construction of the will.

Both courts construed the will as it was originally written since the attempted alteration by eliminating the words enclosed in parentheses was not effective under the statute.

This case is similar to Brizendine v. American Trust & Savings Bank, 211 Ala. 694, 101 So. 618. There, the will had been probated in the Probate Court of Jefferson County, but the circuit court was asked to construe the will. The testatrix had included a void condition precedent to the devise, and the court held the devise good even though the clear intention of the testatrix was that the son not inherit the property unless he complied with the void condition. The will in that case was probated with the void condition in the face of the will, but the proper construction of the will treated it as if the void condition had not been written into it.

■ We think the provisions in the will in the instant case are of such doubtful construction or of disputable solution as to which rational minds may well differ and required a construction, Kaplan v. Coleman, 180 Ala. 267, 60 So. 885. Here, the appellants correctly filed the bill seeking a construction. The fact that the court's construction was not the one sought by appellants neither augments or diminishes the existence of a probated will. The question was not over the validity of the will or its probate, but the construction and application of its terms and provisions.

The Application for Rehearing is Denied.

LIVINGSTON, C. J., SIMPSON and HARWOOD, JJ., concur.