JONES, Justice.
This appeal challenges, on jurisdictional grounds, the adjudication by the Circuit Court that an alleged Codicil to a Will is void. Because the alleged Codicil was not first offered for probate in the Probate Court, says Appellant, the Circuit Court was without jurisdiction to adjudicate a “contest” of that instrument. We affirm.
Due to the somewhat complex posture of the record, a detailed statement of the case and the facts is essential to an understanding of the issue presented.
It is undisputed that on March 27, 1969, the testator, Elijah Warren, executed a Will which was duly attested by Charlie C. Hut-chison and Iva D. Sullivan. This original disposition, inter alia, devised land to James Reed, Appellee.
At some later date (in 1974 or 1975 according to one witness), the name of James Reed was stricken from the Will and the name of Nathaniel McCray substituted in its place. In the left margin of the Will, adjacent to the changed name, there is what purports to be the mark of the testator, together with the signatures of S. M. Champion and J. B. Cook.
The original Will of 1969, attested by Hutchinson and Sullivan, was duly offered for probate in the Probate Court, proved by the witness Hutchison, and admitted to probate on August 26, 1976. The purported testamentary disposition evidenced by the changed name, along with the execution and attestation in the left margin of the Will, was never offered, proved, or admitted to probate.
Subsequently, Reed filed a complaint against McCray and others seeking to declare the purported testamentary disposition to McCray null and void. Upon a jury trial, judgment was entered on a verdict which recited that the “Codicil” to the Will of Elijah Warren was not valid. It is from the denial of McCray’s motions for post-judgment relief that this appeal is taken.
The complexity of the jurisdictional issue sought to be presented is dramatized by Appellant’s “Statement of the Issues”:
“I. Does a Circuit Court, sitting in Equity, have any jurisdiction, pursuant to Title 61, section 64, Code of Alabama, Recomp. 1958, when the will sought to be contested has not yet been admitted to probate in the Probate Court? No; the Circuit Court has no jurisdiction. [Citing Wachter v. Davis, 215 Ala. 659, 111 So. 917 (1927); Smith v. Bryant, 263 Ala. 331, 82 So.2d 411 (1955); and Ferrell v. Minnifield, 275 Ala. 388, 155 So.2d 345 (1963).]
“II. Must a codicil to a will be offered, proved and probated in the same manner as the original will to which it refers? Yes; both a will and a codicil thereto must each be offered for probate, proved and admitted to probate. [Citing Kelly v. Richardson, 100 Ala. 584, 13 So. 785 (1892); McKissack v. Ashurst, 220 Ala. 576, 126 So. 636 (1929); 95 C.J.S., Wills, § 415; and Black’s Law Dictionary, 3rd ed., “Codicil.”]
“HI. Does a Court have any power to act in a matter over which it has no subject-matter jurisdiction? No; and jurisdiction cannot be conferred by consent of the parties or by waiver. [Citing Koppers Co. v. Gulf Welding and Construction, Inc., 285 Ala. 331, 231 So.2d 896 (1970); and Norton v. Liddell, 280 Ala. 353, 194 So.2d 514 (1967).]”
Admittedly, if the disposition of this appeal depended upon our agreement with *434 the suggested responses to the three questions set out above, a summary order of reversal and remand would be appropriate. Indeed, few areas of the law are as well settled as the propositions urged by Appellant in his “Statement of the Issues.” But the posture of the record before us does not support this “Statement” as the dispositive issue here presented. Though framed in terms of a Will “contest,” the action was, instead, treated as a bill for a declaratory judgment. It is in this posture, then, that we will review the matters raised.
Thus viewed, the Circuit Court has jurisdiction over this action and it is governed by well-settled law as expressed in Calhoun v. Thomas, 274 Ala. 111, 145 So.2d 789 (1962):
“It is no part of the duty of the probate court to construe a will propounded for probate, or to pass upon the effect of its provisions. If the paper is in form of a will, is executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence be shown, it is the duty of the court to admit it to probate. [Citations omitted.] The will before us met all the requirements and was entitled to be probated irrespective of the marking through certain words .
“The declaratory judgment statute, Tit. 7, § 157, gives a person interested under a will the right to ‘have determined any question of construction or validity arising under the instrument.’ The real question presented was the validity of the act of the testator in marking through certain words . . . and signing his name.
“This question is decided adversely to appellants’ contentions in Law v. Law, 83 Ala. 432, 3 So. 752 [1887], where the court said:
“ ‘All alterations or revocations of any part or any clause of a properly executed will must be made not by burning, tearing, cancelling, or obliterating, but only by a new will or codicil properly subscribed by the testator, and attested by at least two subscribing witnesses in the mode prescribed by the statute.’ ” 145 So.2d at 791. (Second emphasis added.)
In the case before us, the jury, in determining that the alleged Codicil was not valid, impliedly determined that the witnesses to the alleged Codicil did not fulfill all statutory requirements. Because the evidence presented supports this conclusion we are not at liberty to overrule this verdict. See Dixie Electric Co. v. Maggio, 294 Ala. 411, 318 So.2d 274 (1975). Without the existence of an effective Codicil, the Will must be read as originally written and executed. Law, supra; 95 C.J.S. Wills §§ 270, 282; and 79 Am.Jur.2d Wills, §§ 258, 556.
“In Barnewall v. Murrell, 108 Ala. 366, 18 So. 831 [1895], we held that if there are alterations or additions to a will, they do not vitiate the instrument. If not made as the statute requires, they are mere nullities, and the will as it existed at the time of execution is unaffected in validity. Regardless of the thoughts or contemplation of the testator, until there is a change, or alteration, or revocation in the mode required by statute, the legal presumption is that the result of all thought and contemplation was a determination to adhere to the will as executed.” Calhoun, 145 So.2d at 792.
The trial Court had jurisdiction to adjudicate the central issue presented by the pleading — an interpretation of the purported alterations and additions to the Will.
The judgment of the trial Court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., concur.