The guardian ad litem for the unborn children of Charles Arthur Calhoun and Mary Nell Calhoun Ponder, appeals from an order allowing the distribution of funds held in guardianship for remaindermen under the last will and testament of V.H. Calhoun, deceased. V.H. Calhoun ("Mr. Calhoun") died testate in Houston County in 1955. Mr. Calhoun's will provided that when his son, Charles Arthur Calhoun, reached the age of twenty-five years, that he and Mrs. Ponder should become the joint owners of 1,200 acres of land in Houston County and two lots in Dothan. It was then stated in the will that "The above mentioned property shall remain jointly owned by" Charles and Mrs. Ponder "for the period of their life and shall go to their heirs at their death." It further provided that if either Charles or Mrs. Ponder should "leave no bodily heirs his or her interest in said property becomes the property of the other." Mr. Calhoun drew a line through "for the period of their life and shall go to their heirs at their death" and signed his name between the lines. This alteration of the will resulted in a suit to construe the will. See Calhoun v. Thomas, 274 Ala. 111,145 So.2d 789 (1962), in which the Court held that the alteration must be treated as a codicil and, because the codicil was not executed according to the applicable statute, it was not effective.
In 1969, Alabama Power Company condemned approximately 1,050 of the 1200 acres for the Farley Nuclear Plant, and damages and compensation for this condemnation were assessed at $233,268. After the present value of the life estates was estimated and paid to Charles and Mrs. Ponder in accordance with what is now Code of Alabama 1975, § 35-4-190, $79,338.21 remained for the remaindermen. This is the fund in question and it came into the custody of the trial court in a proceeding within its jurisdiction.
A 1970 order directed the clerk to pay to Charles and Mrs. Ponder "as guardians of Sallie Lee Calhoun, Carla Arlene Calhoun, Elizabeth Ann Calhoun, Charlotte Ann Ponder, Mary Lou Ponder, and Van Thomas Ponder, Jr., [remaindermen] and the unborn children . . . the sum of $79,338.21." Charles and Mrs. Ponder were duly appointed guardians by the Probate Court of Houston County, and the guardianship was removed to the Circuit Court of Houston County. This appeal results from a petition filed by Sallie Lee Calhoun (McNeal), in December 1986 for a distribution of these guardianship funds to the above named children of Charles and Mrs. Ponder (those children are now adults). Each of the life tenants is over 50 years of age, and, for aught that appears in the record, neither has sired or conceived a child for more than a quarter of a century.
The trial court found that the interest of any unborn children of Mrs. Ponder or Charles could be protected by placing an equitable lien upon the properties in which Mrs. Ponder and Charles have a life estate. These consist of 150 acres of land in Houston County and a lot and building in Dothan, which the court found had, together, a value of $82,500. The trial court then placed this equitable lien upon the property, set attorney fees for the petitioner's attorney and the guardian ad litem, and directed the guardians to divide the sums remaining equally among the six children of Charles and Mrs. Ponder named in the 1970 order. The guardian ad litem appeals. We affirm.
Code of Alabama, § 35-4-190, provides that where lands are taken under the power of eminent domain and someone owns a life interest in such lands, then after the proceeds are paid into court, any person *Page 30 
owning a life interest "or any remainder or reversionary interest therein," can make a sworn application for the court to ascertain the present value of the life estate and to pay to the owner of the life interest in cash the value of such interest with "the remainder to be paid to the reversioners or remaindermen."
In Brugh v. White, 267 Ala. 575, 584, 103 So.2d 800 (1957), the Court held that a circuit court possesses plenary power to order the distribution of proceeds paid for lands taken under the power of eminent domain among the parties according to their respective interests.
The trial court found that there was a need for such funds by at least one of the remaindermen, that all of the remaindermen were having to pay income taxes on interest earned on the guardianship funds, that the guardians were holding $223,212.59 for the remaindermen and the unborn children of Charles and Mrs. Ponder, and that the unborn children of Charles and Mrs. Ponder would be protected by placing an equitable lien on the remaining real property, valued at $82,500.
In this case, a person who was found to be a remainderman of the fund by the trial court seventeen years ago, filed a sworn application requesting payment of the remainder interest to the adult remaindermen designated in that 17-year-old order, after provisions were made for afterborn children of Charles and Mrs. Ponder. Section 35-4-190 provides that the trial court "shall" pay the remainder of the funds, after the ascertainment of the present value of the life estates, to the remaindermen. However, since the remaindermen, under the trial court's 1970 order, were of a class that could be opened to admit additional remaindermen by Charles or Mrs. Ponder's having additional children, we hold that the disbursement of such funds under the facts in this case rests peculiarly within the wise discretion of the trial court, in view of all surrounding facts and circumstances, that discretion to be exercised in the interest of fairness, prudence, and the rights of all concerned. We will reverse only for abuse of discretion. We indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless it is palpably erroneous or manifestly unjust. See Martin v. Jones, 268 Ala. 286, 105 So.2d 860
(1958), which involved the refusal of a trial court to set aside the confirmation of a judicial sale based upon an alleged inadequacy of the sale price. We cannot hold that the trial court's conclusion that an equitable trust imposed upon property with a value of $82,500 for the afterborn children of adults in their 50's who had not sired or conceived a child in over a quarter of a century was palpably erroneous or manifestly unjust. Nor can we hold that the trial court's conclusion that the property on which the trust was imposed had a value of $82,500 was palpably erroneous or manifestly unjust. The evidence of value ranged from $70,000 to $90,000.
We are not persuaded that the trial court abused its discretion in finding that the equitable lien adequately protected the interests of unborn children of Charles and Mrs. Ponder and in directing (1) that Charles and Mrs. Ponder, as guardians, pay all funds held by them into court and thereafter be discharged from all further liability; and (2) that the register pay costs, petitioner's attorney fees, and guardian ad litem fees and distribute the remaining funds equally among those six remaindermen named in the trial court's January 27, 1970, order.
The trial court has the discretion to direct that the costs, the appellees' attorney fees, and the guardian ad litem fees for this appeal be paid by the register before disbursement is made to the six remaindermen.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur. *Page 31