# Alabama City G. & A. Ry. Co. v. Ventress.

### Damages for Injury to Passenger.

(Decided Jan. 31, 1911.   54 South 625.)

1. *Appeal and Error; Harmless Error; Pleadings.*—Where a defendant has the advantage of the facts alleged under other pleas to which demurrers are not sustained, he is not injured by the sustaining of demurrers to other pleas setting up these facts.

2. *Same; Objections; Evidence.*—Unless the answer called for is plainly incompetent and irrelevant, the court will not be put in error for overruling a general objection to a question.

3. *Carriers; Passengers; Instructions.*—Where the action was for injuries to a passenger caused by a collision by the car on which he was riding with a railway train at grade crossing, a charge asserting that if the jury believed that the plaintiff was negligent in riding on the car platform, and that his negligence contributed to his injury, they must find for the defendant, unless the injury was wanton, wilful or intentional, was open to the construction that the jury must find for the defendant if plaintiff's conduct contributed to the injuries even remotely, and hence, was properly refused as misleading.

4. *Same; Contributory Negligence.*—Where a street car passenger was riding on a platform when injured in a collision, a presumption is raised of contributory negligence, and such a person is required to show that his position there did not contribute to his injury, when suing for injuries resulting from his position.

5. *Charge of Court; Ignoring Evidence.*—A charge asserting that if a failure to stop at a railroad crossing as required by law was not

the proximate cause of plaintiff's injuries, he could not recover on that ground, was properly refused where there was evidence that the motorman knew that the track was slippery and negligently failed to keep control of the car so as to be able to stop before reaching the railroad.

6. *Same.*—Where there was evidence tending to show that the accident was unavoidable, in defining simple negligence, the court should not have deprived the defendant of the benefit of such evidence.

APPEAL from Etowah Circuit Court.

Heard before Hon. JOHN W. INZER.

Action by Thomas Ventress against the Alabama City, Gadsden & Attalla Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded

The first count was in simple negligence, with general averment, as was the second and third. The fourth and fifth were in wanton negligence. The pleas of contributory negligence are sufficiently stated in the opinion. The facts are that the plaintiff was a passenger on an electric car operated by defendant between Attalla and Gadsden, Ala., and was standing on the rear platform of said car as it was leaving Attalla, going towards Gadsden. When the car reached the Alabama Great Southern Railroad grade crossing in Attalla, it came in collision with a freight car on said crossing, throwing plaintiff down and injuring him. There was evidence tending to show that the track was slippery, and that the motorman used all efforts to stop the car without avail.

The following question was asked the witness Glenn: "You don't know whether you had all the appliances or not, do you?" The objection was that it called for incompetent, illegal and irrelevant testimony.

The following charges were refused to defendant: (7) "The court charges the jury that the failure to stop the car for the railroad crossing is simple negligence, and no more; and if they are reasonably satisfied from the

evidence that plaintiff was guilty of contributory negligence in riding on the platform, and his negligence contributed to his injury, their verdict must be for the defendant, unless they are reasonably satisfied that the injury was wanton, willful, or intentional." (10) "The court charges the jury that riding on the platform of a car, when there is room inside the car, creates the presumption of contributory negligence at least, and requires the plaintiff to show that his riding in that position did not contribute to the injury." (11) "The court charges the jury that, if the collision which occurred and injured plaintiff was an unavoidable accident, plaintiff cannot recover in this action, and their verdict must be for the defendant railroad company." (13) "The court charges the jury that, if the failure to stop for the crossing as required by law was not the proximate cause of the injury, then plaintiff is not entitled to recover in this case by reason of the fact that defendant failed to stop for the crossing as the law required."

The oral charge of the court referred to is as follows: "Simple negligence is the failing to do an act, or doing an act in such manner, and without intent to injure or hurt any one, inadvertently, or in some way without intent to do so in a case, as in this case, where the defendant owed the plaintiff a duty."

DORTCH, MARTIN & ALLEN, and HOOD & MURPHREE, for appellant. The court erred in sustaining demurrers to defendant's pleas 3, 4, 5, 9, 10, 11, 14, 15 and 16.— *Thom v. Scranton T. Co.* 191 Pa. St. 249; *Germantown Ry. Co. v. Walling,* 97 Pa. St. 55; 64 Atl. 327; 72 Md. 493; 29 Am. Rep. 679. The court erred in its oral charge to the jury in defining simple negligence. The court also erred in refusing charge 11.—5 Mayf. 151. The court erred in refusing charge 13 and 10.—*B. R. L. & P.*

*Co. v. Bynum,* 139 Ala. 396. The court also erred in refusing charge 7.

CULLI & MARTIN, for appellee. It is insisted that appellant got the benefit of the facts pleaded in the pleas to which demurrers were sustained, in other pleas to which no demurrers were interposed, and hence, the action of the court in sustaining demurrer was harmless. A person is not chargeable with contributory negligence unless there be reason to apprehend danger from his act.—*Dickey's case,* 93 Ala. 418; *Hubbard's case,* 85 Ala. 179. Under the facts in this case plaintiff was entitled to the affirmative charge, and hence, erroneous rulings in any other respect, were harmless.—*Bienville W. S. Co. v. Mobile,* 122 Ala. 647. The court's oral charge was correct.—*B. R. & S. Co. v. Bowers,* 110 Ala. 238; *Williamson I. Co. v. McQueen,* 144 Ala. 276. Counsel discuss charges refused, but without citation of authority.

DOWDELL, C. J.—While the rulings of the trial court on the demurrers to the complaint are assigned as errors, these assignments are not insisted on in brief of counsel for appellant, and hence will not be considered by us.

The defendant filed 20 pleas to the complaint. The two first were pleas of the general issue, and the remaining ones, special pleas of contributory negligence to the counts in simple negligence. Demurrers were interposed to these special pleas and sustained as to all except those numbered 12, 13, 18, 19, and 20, and upon which latter pleas together with the two first issue was joined and the trial had. The court's ruling in sustaining the demurrers to the several special pleas mentioned is now assigned and insisted on as error. The

[Alabama City G. & A. Ry. Co. v. Ventress.]

alleged contributory negligence set up in all of the pleas consisted in the plaintiff's being and riding upon the platform of the car, which was a street railway car propelled by electricity. The defendant had the advantage of every defense set up in the pleas to which demurrers were sustained that it was legally entitled to under the special pleas of contributory negligence on which issue was joined, and hence, if there was error in sustaining the demurrer to any one of the other special pleas, it was error without injury.

The question asked the witness, Glenn, and to which objections were made by the defendant, and overruled by the court, did not call for irrelevant evidence. The objections were general. The point taken in argument was not made as a ground of the objection, and the court will not be put in error in ruling on a general objection, unless the answer called for is plainly illegal and irrelevant.

Charge 7, refused to the defendant, was misleading, if not otherwise faulty. This charge was open to the interpretation that the jury must find for the defendant if the plaintiff's conduct contributed to the injury complained of, though ever so remotely. Whether riding upon the platform of a street car is negligence per se has been differently ruled in different jurisdictions, but the weight of authority seems to make this question one dependent upon special circumstances, and such has been our holding.—*Birmingham Ry., L. & P. Co. v. Bynum,* 139 Ala. 389, 36 South. 736.

Charge 10, refused to the defendant, stated the law as laid down in *Bynum's case, supra,* and its refusal was error. The legal proposition contained in this charge was as to presumption arising on the facts stated and the burden of proof required to meet this presumption.

*Bynum's case, supra,* states the rule in this regard, and we are not disposed to depart from it.

Charge 11, refused to the defendant, finds substantial duplication in charge 15 given for the defendant. These charges are not only similar, but, when referred to the evidence, are substantially the same. The evidence is without dispute that but for the collision the accident resulting in the injury would not have occurred.

The first count of the complaint is general in its averment as to the negligence causing the injury.

Charge 13, requested by the defendant, ignores the evidence as to the slippery condition of the track, and it was open to the jury to find that the motorman, with knowledge of such condition of the track, negligently failed to put his car under control so as to be able to stop before reaching the railroad crossing. We state this in reply to the argument made by counsel, why the charge should have been given. But aside from this the charge was abstract. The undisputed evidence showed that the collision and accident was the result of a failure to stop the car within a hundred feet of the crossing as the law requires.

That portion of the oral charge excepted to, in which the court instructed the jury as to what it took to constitute simple negligence, was erroneous. The definition of simple negligence given by the court eliminated all consideration of unavoidable and inevitable accidents. There was evidence which tended to show that the accident was unavoidable, and by the oral instructions of the court excepted to the defendant was deprived of the benefit of this phase of the evidence, and it does not appear that injury to the defendant did not result from it.—*Ala. City, G. & A. Ry. Co. v. Bullard,* 157 Ala. 618, 47 South. 578; *Ala. Consol. Coal & Iron Co. v. Heald,* 168 Ala. 626, 53 South. 162.

For the errors pointed out in the oral charge of the court, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, MCCLELLAN and SAYRE, JJ., concur.


