[Conoway v. Fulmer, et al.]

# Conoway *v.* Fulmer, *et al.*

## *Probate of Will.*

(Decided Feb. 2, 1911.   54 South. 624.)

1. *Wills; Probate; Duty of Court.*—Where a paper propounded for probate as a will is executed according to law, the testator shown to have possessed requisite capacity to devise, and no undue influence is shown, the court should admit it to probate, although because of the indefiniteness of the devises, the devisees can take nothing under it.

2. *Same; Validity; Indeniteness.*—A paper which purports to be a will properly executed, revoking all other wills, and directing that the testator's debts be paid as soon after his death as possible, and naming a person as executor, should be admitted to probate notwithstanding the bequests therein are so indefinite and uncertain that the devisees can take nothing thereunder.

3. *Same; Appointment of Executor.*—While there is a technical distinction between an executor and an administrator, yet a will is not rendered invalid because of the appointment of a person named therein "as executor and administrator"

APPEAL from Clay Probate Court.

Heard before Hon. F. J. INGRAM.

W. A. Conoway propounded the last will and testament of William A. Yancey for probate, and its admission to probate was contested by Sallie A. Fulmer and others. From a decree holding that the paper offered for probate is not a will, W. A. Conoway appeals. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUITT, and WHATLEY & CORNELIUS, for appellant. The probate court has no jurisdiction to hear and determine the validity of the will on any other ground than those going to the execution of the will.—Sec. 5419 and 6196, Code 1907; *Small v. Small*, 16 Am. Dec. 253; 23 Enc. P. & P., sec. 1214; 16 Id. 1048; 122 Mich. 239; *Woodruf v. Hundley*, 29 South. 103; Jarmon on Wills, 331. Counsel cite au-

thority in support of the contention that the will is not uncertain or indefinite, but it is not deemed necessary to here set them out.

R. G. ROWLAND, and WHITSON & HARRISON, for appellee. Before a probate court can admit an instrument to probate as a will, it must determine that such an instrument is a will, and if not a will it must not be admitted.—Sec. 5419, Code 1907. If the instrument was not a will, the court had no power to probate it.— *Hickey v. Stallworth,* 143 Ala. 535; *Matthews v. Mc-Dade,* 72 Ala. 377. As to what is a will see.—*Rice v. Rice,* 68 Ala. 26; *Jordan v. Jordan,* 65 Ala. 301; *Daniel v. Hill,* 52 Ala. 430. While one void request will not defeat the probate of a will, yet if there is no valid request therein, it cannot be held to be a will—*Hall v. Hall,* 38 Ala. 131. The contestant had the right to contest the probate of the will upon any valid objection thereto.—*Woodruf v. Hundley,* 127 Ala. 655. Counsel insist that there was not a single valid devise in the will, and they cite authority in support thereof, but it is not deemed necessary to here set them out.

SIMPSON, J.—The appellant propounded for probate a paper purporting to be the last will and testament of William A. Yancey, in which the proponent was named as executor. The will is in words and figures as follows, to-wit:

"I, W. A. Yancey, being of sound disposing mind and memory, do make this my last will and testament hereby revoking all others heretofore made by me

"Item First. I direct that all my just debts be paid as soon as possible after my death.

"Item Two. It is my will and I hereby bequeath unto Henry Yancey forty acres of my real estate.

"Item Three. It is my will and I hereby bequeath unto Amanda Yancey forty acres of my real estate.

"Item Four. It is my will and I hereby bequeath unto J. T. Williams eighty acres of my real estate.

"Item Five. It is my will and I hereby bequeath unto G. M. Tomlin eighty acres of my real estate.

"Item Six. It is my will and I hereby bequeath unto L. Cunard and A. D. Meadows all of my real estate which may be left after the above division, divided into two equal parts.

"Item Seven. I do hereby appoint W. A. Conoway of Hollins, Ala., as executor and administrator of my estate.                "Wm. A. Yancey.  [L. S.]

"Signed, sealed, and published as the last will and testament of W. A. Yancey, we signing at his request, and in his presents [presence], and he signing in our presents, and each of us signing in the presents each other.

"This 18th day of May, 1910.

"Witnesses: M. J. Dewberry. F. T. Conoway. F. G. Harrington."

A contest was filed. The proper execution of the will and the mental capacity of the testator were duly proved. The ground upon which the contest was sustained, and which is here insisted upon by the appellee, is that the devises are so indefinite in the description of the property intended to be devised that the same are void, and that therefore the paper offered for probate is not a will.

In this the court erred. Even if it should be admitted that the devisees could not claim anything, by reason of the indefiniteness of the description (which we do not decide), yet it is no part of the duty of the probate court to construe the will, or to pass upon the effect of its provisions. If the paper is in form a will, is

executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence be shown, it is the duty of the court to admit it to probate.

It is admitted by the contestants that, if any item of the will can have any legal effect, the will should be probated. The first clause performs one of the most important functions of a will—to wit, the revocation of all previous wills; and the item numbered "First" directs that all of the testator's debts be paid as soon as possible after the death of the testator. But, aside from that, the utmost that can be claimed is that, if all the devises are void for uncertainty, the result would be that, after the payment of debts, the property of the decedent should be distributed according to the statutes of descent and distribution; and a will so directing would be valid.—*Lucas v. Parsons, et al.*, 24 Ga. 640, 71 Am. Dec. 147.

There is also eminent authority for the proposition that a will which makes no disposition of property, but merely nominates an executor, is entitled to probate.— Schouler on Wills (2d Ed.) § 297, p. 312; *Barber v. Barber*, 17 Hun (N. Y.) 72; *In the Goods of Jordan*, 1 Law Rep. P. & D. 635. The will is but the expression of the desire of and direction by the testator as to what shall be done with the property left by him, and if he does not desire to make any disposition save such as the law provides, but does desire to name the one who shall administer upon his effects, he has a right so to do, and unless the person named is not a fit person, under the provisions of the statutes, it is the duty of the court to issue letters to him.

There is no force in the suggestion that, because the last item designates Conoway "as executor and administrator," it cannot be complied with. The will was ev-

idently written by one who did not understand legal terms, and, while there is a technical distinction between an executor and an administrator, yet really the executor does administer upon the estate.

The decree of the court is reversed, and the cause remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.