48 So.2d 458

**LOVE et al. v. RENNIE et al.**

**7 Div. 18.**

Supreme Court of Alabama.

Oct. 26, 1950.

Hugh A. Locke, of Birmingham and W. T. Starnes, of Pell City, for appellants.

D. G. Ewing, of Birmingham, Frank B. Embry, of Pell City, and T. Eric Embry, of Birmingham, for appellees.

LAWSON, Justice.

This is an appeal from a decree overruling a demurrer to a bill in equity.

On January 22, 1946, Thomas L. Rennie executed a will wherein he "bequeathed" to his wife, Kathleen L. Rennie, all his estate, "real, personal and mixed." The will also contained clauses revoking all former wills and appointing his wife as executrix.

Thomas L. Rennie and his wife, Kathleen, both died on May 7, 1948. No children survived. It appears that they died in a common disaster. According to the averments of the bill, the wife, Kathleen L. Rennie, died "contemporaneously with or prior to the death of said Thomas L. Rennie."

Some time after the death of Thomas L. Rennie, the exact time not appearing, Mrs. Dollie Love, the mother of Kathleen L. Rennie, filed the aforementioned will of Thomas L. Rennie in the probate court of St. Clair County, together with her petition praying that the said will be admitted to probate as the last will and testament of Thomas L. Rennie, deceased.

After the will of Thomas L. Rennie was filed for probate, this proceeding was instituted.

The complainants, T. H. Rennie and Nellie Rennie, are the father and mother of Thomas L. Rennie. It is alleged that the complainants are the "sole heirs and next of kin and sole distributees of the

estate of Thomas L. Rennie, deceased," T. H. Rennie died after the appeal was taken but before submission here, and as to him the cause has been revived in the name of Lois Rennie Terry, in her capacity as executrix and trustee of the estate of T. H. Rennie, and in her individual capacity.

The respondents are the mother, stepfather, and half-brothers and half-sisters of Kathleen L. Rennie, deceased. It is alleged that respondents, other than E. L. Love, Sr., the stepfather, are "the sole heirs and next of kin and distributees" of the estate of Kathleen L. Rennie, deceased.

This proceeding stems from the fact that complainants claim that as the heirs at law and next of kin of Thomas L. Rennie, deceased, they own and are entitled to all his estate, subject to the payment of debts, in that Kathleen L. Rennie, the sole beneficiary under the will, died contemporaneously with or prior to the death of Thomas L. Rennie, and therefore took nothing under the will. On the other hand, it appears from the allegations of the bill that respondents contend that under the will Kathleen L. Rennie inherited all the estate of her husband, Thomas L. Rennie, deceased, and that as the heirs at law and next of kin of Kathleen L. Rennie, the respondents, other than the stepfather, E. L. Love, Sr., own and are entitled to all the estate of Thomas L. Rennie, deceased, subject to debts.

Aside from the matters alluded to above, the bill shows that Thomas L. Rennie, at the time of his death, was possessed of considerable property, real and personal. The property is listed. The debts of the said Thomas L. Rennie are itemized. It clearly appears from the averments of the bill that his estate is solvent.

A few days before his death, Thomas L. Rennie purchased, under a conditional sales contract, a new 1949 Lincoln automobile for the sum of $3,200. He paid $1,600 in cash. The remainder of the purchase price was to be paid in monthly installments over a period of eighteen months. The first installment became due on June 10, 1948. The seller assigned the conditional sales contract to the People's Discount Company, Inc., of Anniston, which concern, on June 10, 1948, the day on which the first installment became due, transferred and assigned the said contract to the respondent, E. L. Love, Sr., the stepfather of Kathleen L. Rennie. It is alleged that in this transaction E. L. Love, Sr., was acting on behalf of his wife, the respondent, Mrs. Dollie Love, the mother of Kathleen L. Rennie.

It is alleged that Thomas L. Rennie at the time of his death owned a considerable amount of silverware. It is averred that respondent, Mrs. Dollie Love, has taken possession of the silverware and claims to own it.

The averments upon which the equity of the bill depends to a large measure are contained in paragraphs 4 and 5.

Paragraph 4 reads as follows: "The said Kathleen L. Rennie, deceased, was named sole devisee or legatee of all of the property of said Thomas L. Rennie, deceased, in the said Last Will and Testament, or that paper writing purporting to be the said Last Will and Testament, of said Thomas L. Rennie, deceased, and said Kathleen L. Rennie is named and designated as the sole executrix of said Last Will and Testament or paper writing purporting to be said Last Will and Testament, but plaintiffs allege that the said Last Will and Testament is either invalid or of no effect, or is ineffective, or is inoperative to pass, convey, devise, or bequeath, any property to said Kathleen L. Rennie, deceased, or to her heirs or next of kin for the reason that the sole devisee and legatee named therein did not survive the said Thomas L. Rennie, deceased, and all of the said property of, and owned by, the said Thomas L. Rennie, deceased, including real, personal and mixed property and choses in action and equities at the time of his death, descended to, or became the property of, the plaintiffs in this cause, subject only to the payments of the debts of said Thomas L. Rennie, deceased, and to the rights of the creditors of the said Thomas L. Rennie, and none of said property, either real, personal or mixed owned by the said Thomas L. Rennie, deceased, at the time of his death, including the equity in said Lincoln

Automobile, descended to or became the property of the said Kathleen L. Rennie or any of her heirs or next of kin or distributees of her estate."

The averments of paragraph 5 not alluded to heretofore are as follows: " * * * The said defendants, exclusive of the defendant E. L. Love are now claiming to own all of said property owned by the said Thomas L. Rennie, deceased, at the time of his death, and have been attempting and endeavoring to obtain possession of said property for their own use and benefit and unless they are prevented from so doing, the plaintiffs will suffer and sustain substantial and irreparable financial loss and will incur the risk of losing a large portion of said property, to which they are justly and legally entitled, unless the said defendants, exclusive of the defendant E. L. Love, is prevented by a decree or judgment of this court from obtaining possession of said property and of disposing of same. * * * The plaintiffs allege that the paper writing purporting to be the Last Will and Testament of the said Thomas L. Rennie, deceased, has not been probated and should not be probated for the reason, among other things, that the court costs of and expenses of probating said instrument or said Last Will and Testament would be a needless and useless expense to the estate of the said Thomas L. Rennie, deceased, or to his heirs and next of kin, and while the same is inoperative, as a matter of law, to pass any of said property of said Thomas L. Rennie, deceased, the probating of said paper writing would create much confusion and uncertainty and would create a cloud on the property of said Thomas L. Rennie, deceased, and the probating of said paper writing would not terminate or put an end to said controversy now existing between plaintiffs and defendants named herein and further proceedings and litigation, irrespective of the probating of said paper writing, would be necessary to settle the said controversy existing between the parties to this cause; and the plaintiffs aver that they have no complete and adequate remedy at law to settle the matters and controversy now existing between the parties to this cause, but, on the contrary, the plaintiffs will or are likely to, suffer substantial, permanent, and irreparable damage and financial loss unless the relief hereinafter prayed for is granted to them; and plaintiffs contend and allege that this court should construe this will and determine and construe the respective rights of the respective parties to this cause. * * * The plaintiffs allege that there is now existing an actual controversy between the plaintiffs and said defendants upon which substantial property rights depend."

The bill prays (1) that a preliminary order be issued staying all proceedings to probate the will of Thomas L. Rennie, deceased; (2) that pending final hearing, a temporary injunction be issued enjoining and restraining the respondents (a) from proceeding to probate the said will, (b) from taking steps to have any person appointed executor or executrix thereof, or as personal representative of the estate of Thomas L. Rennie, deceased, or as administrator with the will annexed, (c) from taking possession of or disposing of any property owned by the said Thomas L. Rennie at the time of his death.

The bill further prays that upon a final hearing the court render a declaratory judgment declaring:

1. That the paper writing purporting to be the last will and testament of Thomas L. Rennie, deceased, is invalid or that it is "inoperative and ineffective to pass, transfer or convey, devise or bequeath any of the property, * * * held by the said Thomas L. Rennie, deceased, at the time of his death."

2. That Kathleen L. Rennie, deceased, "did not take anything, or become the owner of any property of any kind, owned by the said Thomas L. Rennie, deceased, at the time of his death, either under the laws of this state or under said paper writing purporting to be the last will and testament of the said Thomas L. Rennie, deceased."

3. That the heirs and next of kin of Kathleen L. Rennie, deceased, and those entitled to share in the distribution of her estate, have no right, title or interest in or to any of the property owned by the said

Thomas L. Rennie, deceased, at the time of his death.

4. That the complainants are the sole persons entitled to share in the distribution of the estate of the said Thomas L. Rennie, deceased, and that they are the sole owners of all the property held by him at the time of his death, subject only to the rights of the creditors.

5. That "the status and relationship of all parties to this bill of complaint be fixed and determined in regard to the estate of, and all property of every nature and kind owned by, the said Thomas L. Rennie, deceased, at the time of his death."

6. That the agreement or contract under which Thomas L. Rennie, deceased, attained the Lincoln automobile "be declared and determined by this [court] to be an equitable mortgage securing the balance of the indebtedness due on said Lincoln automobile herein referred to, and to have no other force or effect, and that said contract or agreement in writing be held and declared by this court to have been neither forfeited nor foreclosed and that plaintiffs be declared and determined to have the right to redeem said automobile and to regain the possession thereof by paying the balance of the amount due thereunder, with legal interest and all lawful charges due by the plaintiffs under the terms and provisions of said contract or agreement in writing, and that the defendant, E. L. Love, and those claiming under or through him be declared and determined to have no right, title, interest or claim in or to said automobile, other than the right to be paid the balance due on said automobile, including all legal interest and lawful charges due thereon under the terms and provisions of said contract or agreement in writing, and in order that plaintiffs may pay said amount, which they are obligated to pay for the redemption of said automobile or for the amount due under said contract or agreement in writing, including all legal interest, and lawful charges under the terms and provisions of said contract or agreement in writing, this court ascertain and determine the amount which the plaintiffs are so obligated to pay, and that the plaintiffs be declared, upon the payment of said amount determined to be due on said automobile, or under the terms and provisions of said contract or agreement in writing, to be the sole owners of said Lincoln automobile, and the said E. L. Love, and any and all persons or parties claiming through or under him, be held to be holding said automobile as the agents or trustees of the plaintiffs, subject to the payment of the balance due on said automobile, and all interest and lawful charges due thereon, under the terms and provisions of said contract or agreement in writing, and this court, by its decree or judgment, fix the terms and the time within such payment shall be made by the plaintiffs of the aggregate amount due to be paid by the plaintiffs, which have been so ascertained and determined by this court."

The bill further prayed that the respondents be required to turn over and deliver to the complainants all property which belonged to Thomas L. Rennie at the time of his death and which has come into their possession or be required to pay to complainants the value of any such property which has been disposed of by any of them.

On July 14, 1948, the day on which the bill was filed, the trial court issued a temporary injunction as prayed for in the bill.

The demurrers of the several respondents contained a number of grounds and went to the bill as a whole and to the several "aspects" thereof. The decree of the trial court overruled the demurrers of the several respondents as to the bill as a whole and "to each phase or aspect thereof to which said demurrers are addressed."

■ On brief filed here on behalf of respondents, the only grounds of demurrer argued are to the effect that the bill as a whole contained no equity. Consequently our sole inquiry here is as to whether or not the bill contained equity. If so, the decree of the trial court must be affirmed. If not, it must be reversed. It is well settled that grounds of demurrer not argued must be treated as waived. Hackney v. Yarbrough, 233 Ala. 365, 172 So. 107.

■ There is a principle to the effect that a court of equity will dispense with an administration and decree distribution di-

rectly when it affirmatively appears that, if there was an administrator, the only duty devolving on him would be distribution. Then administration is regarded as "a useless creature." Fretwell et al. v. McLemore et al., 52 Ala. 124; Teal et al. v. Chancellor, 117 Ala. 612, 23 So. 651; Murphy v. Freeman et al., 220 Ala. 634, 127 So. 199, 70 A.L.R. 381. And where there is a will, *and no debts,* the parties interested, being adults, may divide the property among themselves by agreement without probating the will, and the effect of such agreement and division is to invest each distributee with a complete equitable title to the property allotted to him. Carter v. Owens, 41 Ala. 217. But the rule in the cases cited does not operate to give this bill equity. The bill shows on its face that there are debts, and in all the cases which permit such distribution without an administration, there is a precise allegation of the existence of no debts. Williams v. Anthony, 219 Ala. 98, 121 So. 89; Jones v. Baswell, 246 Ala. 410, 20 So.2d 715. The case made by the instant bill is far different from the situation in Carter v. Owens, supra.

Unless the equity court, under the averments of the bill, has jurisdiction to declare the will executed by Thomas L. Rennie on January 22, 1946, to be inoperative, then it contains no equity, for it is clear that the complainants would be entitled to none of the relief prayed for unless the property of Thomas L. Rennie passes as if he had never executed a will.

In Kaplan v. Coleman, 180 Ala. 267, 60 So. 885, a bill was filed in the chancery court by Kaplan, the sole heir at law of his father, against the executor and the several beneficiaries named in the will, to contest and annul the will of his father. In that case it was said: "Since chancery courts have no jurisdiction in this state for the probate or establishment of wills, a bill for testamentary construction must obviously exhibit a will which has been duly probated in a court of probate. Such an allegation is jurisdictional, and the fact of probate is essential to its exercise." 180 Ala. 273, 60 So. 887.

The rule in the Kaplan case was followed in Wachter v. Davis et al., 215 Ala. 659, 111 So. 917, which was a bill for the contest of a will. After quoting from the Kaplan case, it was observed:

"So in the instant case, the probate of the will is essential to the exercise of the equity court's jurisdiction. When the bill was filed there had been no will probated, a jurisdictional essential. The fact that the will was probated some two months thereafter and prior to the rendition of the final decree will not suffice as a question of jurisdiction of the court is one which must relate to the time of the institution of the suit.

"Upon the filing of the bill the court was without jurisdiction, and this want of jurisdiction permeates the entire proceedings. It results, therefore, that the decree rendered was erroneous and will be reversed and one here rendered dismissing the bill." 215 Ala. 660, 111 So. 917.

Other cases recognizing this principle are Caverno et al. v. Webb, 239 Ala. 671, 196 So. 723; Ex parte Pettus et al., 245 Ala. 349, 17 So.2d 409; Marx et al. v. Loeb, 228 Ala. 196, 153 So. 266; Ex parte Russell, 239 Ala. 641, 196 So. 718; Ex parte Sumlin, 204 Ala. 376, 85 So. 810; Ex parte Price et al., 252 Ala. 517, 41 So.2d 180.

Appellees contend that the rule above referred to has no application to the case made by their bill for the reason that under the averments of the bill, the instrument which is sought to be probated as a will, though appearing to be valid on its face, is in fact void and a complete nullity for the reason that it makes no disposition of any property to any person or party in that it is averred in the bill that the sole beneficiary under the will did not survive the testator.

But we think the answer to this contention of appellees is found in the case of Conoway v. Fulmer et al., 172 Ala. 283, 54 So. 624. Conoway presented for probate a paper purporting to be the last will and testament of one Yancey, in which he was named as executor. A contest was filed and sustained. The ground upon which the

contest was sustained was that the devises in the will were so indefinite in the description of the property intended to be devised that they were void and that, therefore, the paper offered for probate was not a will. In concluding that the probate court erred in holding that the paper offered for probate was not a will, the elder Simpson, writing for this court, said:

"* * * Even if it should be admitted that the devisees could not claim anything, by reason of the indefiniteness of the description (which we do not decide), yet it is no part of the duty of the probate court to construe the will, or to pass upon the effect of its provisions. If the paper is in form a will, is executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence be shown, it is the duty of the court to admit it to probate.

"It is admitted by the contestants that, if any item of the will can have any legal effect, the will should be probated. *The first clause performs one of the most important functions of a will—to wit, the revocation of all previous wills;* and the item numbered 'First' directs that all of the testator's debts be paid as soon as possible after the death of the testator. But, aside from that, the utmost that can be claimed is that, if all the devises are void for uncertainty, the result would be that, after the payment of debts, the property of the decedent should be distributed according to the statutes of descent and distribution; and a will so directing would be valid. Lucas v. Parsons et al., 24 Ga. 640, 71 Am. Dec. 147.

"There is also eminent authority for the proposition that a will which makes no disposition of property, but merely nominates an executor, is entitled to probate. Schouler on Wills (2d Ed.) § 297, p. 312; Barber v. Barber, 17 Hun (N.Y.) 72; In the Goods of Jordan, 1 Law Rep. P. & D. 635. The will is but the expression of the desire of and direction by the testator as to what shall be done with the property left by him, and if he does not desire to make any disposition save such as the law provides, but does desire to name the one who shall administer upon his effects, he has a right so to do, and unless the person named is not a fit person, under the provisions of the statutes, it is the duty of the court to issue letters to him." *172 Ala. 285–286, 54 So. 625.* (Emphasis supplied.)

Under the rule of Conoway v. Fulmer, supra, even though there be (as alleged here) a total failure of the dispositive provisions of the will, the will should be probated if any item thereof can have any legal effect. This is true with respect to a clause revoking former wills, such as is found in the instrument executed by Thomas L. Rennie, deceased. In Re Davis' Will, 182 N.Y. 468, 75 N.E. 530, 533, where the will contained a clause revoking all former wills, it was said: "* * * We agree with the learned Appellate Division that 'the true rule of law is that when a paper, unrevoked, testamentary in character, purporting on its face to devise or bequeath real or personal property, executed according to the formalities of the statute by a person of proper age and qualifications and shown satisfactorily to be of sound mind and not under restraint, is presented to a Surrogate's Court for probate, such court has no authority, upon the question of its admission to probate, to inquire whether the provisions of the paper are ineffectual to pass title because the sole beneficiary and executor is dead and the devise or bequest has thereby lapsed, or because the provisions of the instrument are ineffectual to pass title to the person named. Any other rule would lead to confusion and to the introduction of false issues in the probate of wills.' "

 We hold, therefore, that from the averments of the bill it appears that the instrument executed by Thomas L. Rennie on January 22, 1946, is entitled to probate. It follows that under the rule of our cases the circuit court of St. Clair County, in equity, was without jurisdiction to declare the said instrument inoperative as a will, unless it has such jurisdiction by virtue of the provisions of the declaratory judgment law.

Appellees strenuously insist that the equity court does have jurisdiction as a result of the declaratory judgment law and that,

therefore, the rule enunciated in Kaplan v. Coleman, supra, and Wachter v. Davis, supra, which cases were decided prior to the declaratory judgment law, has no application.

We cannot agree with this contention. Wills are among the instruments which may be construed, where the terms are in dispute, in an action for declaratory relief. §§ 156, 157, 159, Title 7, Code 1940; Fillmore v. Yarbrough, 246 Ala. 375, 20 So. 2d 792; Montgomery v. Montgomery, 236 Ala. 161, 181 So. 92; Adams v. Jeffcoat et al., 252 Ala. 501, 41 So.2d 183. But in both the cases last cited the will had been probated before the jurisdiction of the equity court was sought for a construction of the will.

We are not here concerned with the question of whether or not declaratory relief is unavailable because of the fact that the complainant has another adequate remedy. § 167, Title 7, Code 1940, as amended. To hold that the equity court has jurisdiction would be to construe the declaratory judgment act as conferring upon the equity court jurisdiction of subject matter which it had not possessed theretofore.

It would be an inexcusable interference with established probate procedure, and one which would result in confusion, to permit issues strictly within probate jurisdiction to be tried through the medium of independent suits in equity. True, as before indicated, there is a power to construe a will in a declaratory relief action, but we have no thought that in making this provision it was the intention of the legislature to transfer from the probate court to the equity court matters of probate cognizance. We do not think that the declaratory judgment law was designed to enable the equity court to supersede the functions of the probate court in the probate of wills and the ordinary administration upon estates. It was not intended to confer upon the equity court jurisdiction in admitting or refusing to admit an instrument to probate.

An eminent authority in the field has summarized the prerequisites of action for declaratory judgment in this way: "* * * the conditions of the usual action, procedural and substantive, must always be present, namely, *the competence or jurisdiction of the court over parties and subject-matter,* the capacity of the parties to sue and be sued, the adoption of the usual forms for conducting judicial proceedings (including process, pleadings, and evidence), the existence of operative facts justifying the judicial declaration of the legal consequences, the assertion against an interested party of rights capable of judicial protection, and a sufficient legal interest in the moving party to entitle him to invoke a judgment in his behalf. * * *" Borchard, Declaratory Judgments, 2d Ed. (1941), p 26. (Emphasis supplied.)

Assuming, without deciding, that all other conditions necessary to confer jurisdiction upon the equity court to render a declaratory judgment were present, we are still faced with the absence of the elemental requisite of jurisdiction over the subject matter.

An examination of the cases from other jurisdictions shows that the courts in those states have refused to give to their declaratory judgment statutes an interpretation which would in effect allow the jurisdiction of the probate courts to be usurped by a court of equity. Colden v. Costello, 50 Cal. App.2d 363, 122 P.2d 959; Poore v. Poore, 201 N.C. 791, 161 S.E. 532; Pennington v. Green, 152 Kan. 739, 107 P.2d 766; Morgan v. Dietrich, 179 Md. 199, 16 A.2d 916; Young v. Bridges, 86 N.H. 135, 165 A. 272.

In view of what has been said above, we hold that the equity court was without jurisdiction and, hence, the demurrer of respondents taking the point that the bill was without equity should have been sustained.

The decree is reversed, one is here rendered sustaining the demurrer, and the cause is remanded with direction that the bill be dismissed.

Reversed, rendered and remanded.

BROWN, FOSTER, LIVINGSTON, SIMPSON, and STAKELY, JJ., concur.