**COWAN et al. v. COWAN et al.**
**No. 6244.**

Court of Civil Appeals of Texas. Amarillo.
Oct. 27, 1952.

Sanders, Scott, Saunders & Smith, Amarillo, Dennis Zimmermann, Tulia, for appellants.

Morgan, Culton, Morgan, Britain & White, Amarillo, Geo. J. Jennings, Tulia, for appellees.

LUMPKIN, Justice.

In this suit the appellants, W. C. Cowan and Ora Lea Scott, asked that their mother's purported will be declared invalid. The suit was brought in the County Court of Swisher County, Texas, under that portion of the Uniform Declaratory Judgments Act, Art. 2524–1, Sec. 2, Vernon's Annotated Civil Statutes, which provides that any person interested under a deed, will, or written contract may have determined any question of validity arising under the instrument.

The appellants' mother, Mrs. Rosa E. Cowan, who is still living, and her husband, J. C. Cowan, had three children— the appellants and the appellee, James C. Cowan. The husband died on April 1, 1951, and is survived by the children and Mrs. Cowan, now 80 years of age. On May 16, 1949, before her husband's death, Mrs. Cowan had executed the purported will by which she bequeathed to her husband her household furniture, clothing and wearing apparel, and her interest in the lease on the house in which they were living. The residue of her property she bequeathed to her son, the appellee, James C. Cowan, together with that property which she would have given her husband if he had survived her. She further provides that if her son, James C. Cowan, is dead at the time of her death, then his children—Robert Wayne Cowan, Lee Etta Co-

wan Cothran, now married to E. H. Cothran, and Dejah Cowan, also appellees herein—shall inherit her property in the same manner as James C. Cowan would have inherited it.

The appellants also named their mother a party to the suit, together with the appellees, James C. Cowan and his children. The appellants pleaded that at the time Mrs. Cowan executed the purported will, she did not have the testamentary capacity essential to the making of a valid will, that she "was suffering with insane delusions concerning the objects of her bounty" and that the instrument was procured while the testatrix was acting under the undue influence of her son, James C. Cowan, and his wife, Vivian Cowan. They alleged that their mother is non compos mentis and that there is no reasonable possibility that she will ever regain her mental faculties. Also, they pleaded that the appellee, James C. Cowan, is contending that his mother possessed the testamentary capacity necessary to the making of a valid last will and testament at the time she executed the purported will but that he is also contending that his mother is now of unsound mind— a contention made, they alleged, for the purpose of preventing his mother from making another will revoking the purported will of May 16, 1949, and dividing her property among all her children. Since the appellee, James C. Cowan, is the principal beneficiary under the purported will, the appellants alleged there is "an obvious justiciable controversy existing between W. C. Cowan and Ora Lea Scott on the one hand and James C. Cowan, on the other, concerning the validity of the purported will * * * and the mental capacity and condition of Rosa E. Cowan at this time which should be settled and put to rest during the lifetime of all of the parties concerned." The appellants alleged that, since their mother is still living, she could appear in court and thus assist the court and jury in determining her mental status, both now and at the time she executed the purported will.

The appellees, James C. Cowan and his three children, asserted in a plea to the jurisdiction, that no court in Texas has jurisdiction to determine the validity of a purported will of a person who is still living. (It is unnecessary to state the appellees' other defenses since they are not material to the disposition of this appeal.) The County Court sustained the plea to the jurisdiction and dismissed the suit. On the theory that the proceeding was one in probate, the appellants gave notice of appeal to the District Court where later a guardian and attorney ad litem was appointed for the appellee, Rosa E. Cowan, and her answer was filed seeking the dismissal of the suit. Still later, the District Court also sustained the appellees' plea to the jurisdiction and ordered the suit dismissed. From that order the appellants excepted and have duly perfected their appeal to this court.

The appellants contend the trial court erred in dismissing the suit and in holding that it did not have jurisdiction to determine the validity of the purported will. They insist that under the Uniform Declaratory Judgments Act the court has jurisdiction to determine whether Mrs. Cowan had the necessary testamentary capacity to make a valid will and to determine likewise whether the will was the result of undue influence.

Prior to the enactment of the Uniform Declaratory Judgments Act no court in Texas had the power to determine the validity of the will of a person still alive; nor, in our opinion, does any court in this State now have that jurisdiction.

In 44 Tex.Jur., 542, a will is thus defined:

"Broadly defined, a will is any instrument, executed with the formalities of law, whereby a person makes a disposition of his property to take effect after his death. It is a means of transferring property, the distinguishing characteristics consisting in the facts

"(1) that it is, during the lifetime of the maker, inoperative and ineffectual to confer any right or interest,

"(2) that it is revocable by the maker, and

"(3) that it operates. to transfer the maker's property on the occurrence of his death."

Until a man dies it is not known who his heirs will be, even though he dies intestate. It is possible that he may spend his entire estate during his lifetime and have no estate to be passed by will or otherwise to his heirs at the time of his death. Pond v. Faust, 90 Wash. 117, 155 P. 776.

In Lloyd v. Wayne, Circuit Judge, 56 Mich. 236, 23 N.W. 28, 31, the Supreme Court of Michigan had before it a case similar in many respects to the one we have before us here. In that case the court said:

"The broadest definition ever given to the judicial power confines it to controversies between conflicting parties in interest, and such can never be the condition of a living man and his possible heirs."

The appellants' question of whether courts have the power to determine the validity of a will during the life of the testator is answered by this quotation from 57 Am.Jur., 523:

"It seems clear that in the absence of statute expressly conferring such jurisdiction, a court does not have the power to entertain a suit for the establishment or annulment of the will of a living testator. The ambulatory nature of a will, and the absence of parties in interest, which results from the rule that a living person has neither heirs nor legatees, render impossible the assumption that a court has inherent power to determine the validity of a will prior to the death of the maker. While there is much to commend in the practice in civil-law countries which permits a testator to prevent a contest of his will by disappointed heirs after his death, particularly a contest on the ground of testamentary incapacity, by acknowledging his will before reputable officers, public policy condemns an attempt to compel a testator to enter upon a contest of his will with persons who can have no interest in his estate until after his death."

Clearly, therefore, since this is not a justiciable matter, the courts of this State do not have the power to determine the validity of the will of a living person. But the appellants contend that this jurisdiction has been conferred on the Texas courts by the Uniform Declaratory Judgments Act, since it states that any person interested under a will may have its validity determined. Article 2524–1, Sec. 2.

The Declaratory Judgments Act adopted by the Texas Legislature is the uniform act now in force in a majority of the States of the Union. A similar act also has been adopted by Congress for use in the Federal Courts. The Act does not, however, create any new substantive rights, nor was it so intended. The Act itself, Article 2524–1, Sec. 1, provides that: "Courts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." The Act is remedial in nature and procedural in character. It does not create jurisdiction in the courts over subjects in which they had no jurisdiction before the passage of the Act. It has only changed the method of exercising existing jurisdiction. Thus, a court cannot assume jurisdiction of any cause of action under the authority of the declaratory procedure where it could not have assumed jurisdiction before its enactment. Kaufman & Ruderman, Inc. v. Cohn & Rosenberger, Inc., D.C., 86 F.Supp. 867.

As stated by Prof. Hodges in Revised Vol. 8, Vernon's Annotated Civil Statutes, p. XI,

"The Act does not authorize or permit an action for the mere purpose of declaring legal principles or of establishing uncertain facts. It is clear that a real controversy is necessary, that parties having conflicting legal interests are essential; that the judgment must be one which will effectively and practically settle conflicts of such legal interests of the parties."

The Act does not contemplate declarations upon matters where the interest of the plaintiff is contingent upon the occurrence of some future event. 16 Am.Jur. 293. Before the Declaratory Judgments Act may be invoked, there must be present a justiciable issue; that is, the cause of action must relate to matters which are within the jurisdiction of the court. There must be a protectable right, not a future or speculative right. The present proceeding—i. e., attempting to test the validity of the purported will—is not within the Declaratory Judgments Act.

Because their mother is still living, the appellants are not her heirs. Until Mrs. Cowan's death there cannot be, in its truest sense, a will. The document we have denoted as the purported will is ambulatory, those named as beneficiaries are devisees only in the embryo, and the instrument will not be admitted to probate before the death of the testatrix. Articles 3292 and 3348. Until the purported will has been offered for probate, the Probate Court does not have the power, even though the maker is dead, to entertain a declaratory judgment for the purpose of obtaining an interpretation of the instrument. Poore v. Poore, 201 N.C. 791, 161 S.E. 532; Love v. Rennie, 254 Ala. 382, 48 So.2d 458.

In Anderson, Actions for Declaratory Judgments, p. 1297, it is said:

"So a declaratory or other action will not lie during the life of the testator to compel the surrender and cancellation of a will in the custody and control of a third party defendant on the ground that the testator did not possess testamentary capacity at the time of making and executing of the will. The court cannot in a declaratory action answer a purported question, even on an agreed statement of facts as to the existence, revocation, validity or construction of a will, for example, as to whether a joint and mutual will of husband and wife was revoked by the husband's marriage after the wife's death where the will had never been probated."

In conclusion, since Mrs. Cowan is not dead, there are no heirs and there is no will. Until she dies, the appellants have no interest in their mother's will. A will not having been presented to the court for probate, the Probate Court has no jurisdiction over it, even under the Uniform Declaratory Judgments Act, and neither the Probate Court nor the District Court—since a justiciable issue does not exist—is empowered to determine the validity of the instrument.

We have carefully reviewed the record in this case. Finding no error, we overrule all of the appellants' points of error and affirm the judgment of the trial court dismissing the cause.