112 So.2d 210

Dovie Erlene Bice JEFFRIES

v.

Jean Bice BOYD.

5 Div. 668.

Supreme Court of Alabama.

May 21, 1959.

R. Lea Harris, Montgomery, for appellee.

**LIVINGSTON, Chief Justice.**

Isaac Lee Bice departed this life, testate, on July 18, 1956, leaving certain personal property and real estate located in Chilton County, Alabama. Bice was married twice and left surviving him three adult daughters by the first marriage. His second wife was living at the time Bice died but had divorced him and married one Jeffries.

Laying to one side other arguments for a reversal, the principal question presented by this record is whether or not the second wife of Bice is entitled to letters testamentary on his estate.

In short, the material facts presented by the record are substantially as follows:

On January 15, 1948, Bice and his second wife, Dovie Erlene Bice, executed joint wills. By the will of Isaac Lee Bice, he bequeathed to his then wife, Dovie Erlene Bice, certain personal property and also devised certain real estate to her for her lifetime. The will then contained the following:

"4. I do hereby nominate and appoint *my wife* to be the sole executrix of my estate and direct that she be exempt from giving any official bond and from making any inventory of my estate and from making any report to any court whatever of her acts

A. B. Foshee, Grady Reynolds and Reynolds & Reynolds, Clanton, for appellant.

as such executrix." (Emphasis added.)

On the 20th day of October 1954, Isaac Lee Bice and Dovie Erlene Bice were divorced. Later, as stated above, Dovie Erlene Bice was married to one Jeffries. On October 2, 1956, the will of Isaac Lee Bice was duly admitted to probate and record, without contest, by the Probate Court of Chilton County, Alabama. On October 8, 1956, Dovie Erlene Bice Jeffries filed her petition in the Probate Court of Chilton County, Alabama, seeking letters testamentary of the estate of Isaac Lee Bice, deceased. On November 28, 1956, Jean Bice Boyd, a daughter by the first marriage of the deceased, filed her petition in the Probate Court of Chilton County, Alabama, seeking to be appointed "either administrator or executrix of the estate of Isaac Lee Bice, deceased." On December 19, 1956, the Probate Judge of Chilton County entered an order setting both petitions for a hearing on January 4, 1957. On January 12, 1957, the Probate Judge entered an order denying the petition of Dovie Erlene Bice Jeffries and granting the petition of Jean Bice Boyd. Mrs. Jeffries appealed.

█ Section 1 of Act No. 287, p. 572, Acts of Alabama 1951 (Reg.Sess.), provides:

"A divorce from the bonds of matrimony operates as a revocation of that part of the will of either party, made during coverture, making provision for the spouse of such party; and if after the making of a will, a woman marries, the marriage operates as a revocation of the will."

In consequence of the foregoing Act, Mrs. Jeffries admits that she can take nothing under the will of Isaac Lee Bice, but does insist that she is entitled to administer the estate of the deceased under the above-quoted provisions of the will.

We do not agree.

The above-quoted provisions of the will of Isaac Lee Bice, deceased, nominates "my wife" as executrix of his last will and testament, but Dovie Erlene Bice Jeffries was not the testator's wife at the time of his death on July 18, 1956.

█ A will speaks as of the date of testator's death, and will be construed as operating according to then existing conditions, unless a contrary intent is shown, Caldwell v. Caldwell, 204 Ala. 161, 85 So. 493; Crawford v. Carlisle, 206 Ala. 379, 89 So. 565, and the language of a will, in the absence of a manifest intention to the contrary, speaks as of the testator's death. Allen v. Maxwell, 249 Ala. 655, 32 So.2d 699; Werneth v. Hanly, 262 Ala. 219, 78 So.2d 299.

█ None but the naive could believe that it was the intention of the testator that his divorced wife should act as the executrix of his estate. Unless the instrument clearly imports such intention, as it does not, the law should not operate to that result. The provision of the will here under consideration does not name Dovie Erlene Bice (now Mrs. Jeffries) as the executrix of his will, but does name "my wife," and imports consideration of the marital relation, and clearly contemplates the wife to be in lawful wedlock with him at his death. The divorce between the parties severed the marriage relation, and thereafter Dovie Erlene Bice (Mrs. Jeffries) was no longer the wife of Isaac Lee Bice. In contemplation of law, each was then a single person and she could never thereafter (except by a subsequent valid marriage with him) have been his wife at his death. Goodman v. McMillan, 258 Ala. 125, 61 So.2d 55. Therefore, it is clear that she is not entitled to letters testamentary on the estate of Isaac Lee Bice.

Other questions argued in brief are of no moment under the above holding and are not considered.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.