120 So.2d 744

**J. L. TANKERSLEY et al.**

v.

**Mary Thornton TANKERSLEY.**

**5 Div. 648.**

Supreme Court of Alabama.

March 10, 1960.

Rehearing Denied May 19, 1960.

Wilbanks & Wilbanks, Alexander City, for appellants.

Robt. J. Teel and Felix L. Smith, Rockford, for appellee.

SIMPSON, Justice.

This case was assigned to another Justice on original submission but on February 8, 1960 was reassigned to the writer for study and preparation of the opinion.

This is an appeal from a will contest tried before a jury in the Circuit Court; verdict was for appellee, proponent of the will. Appellee was the alleged wife of testator. Appellants are brothers of testator and contestants of the will. These brothers apparently constitute the testator's heirs at law and would inherit his property if he died intestate.

Grounds of contest were (1) the will was revoked by operation of law because testator was divorced from proponent after making the will and the will was, therefore, not subject to probate; (2) that the will was procured by fraud; and (3) undue influence exerted on testator by appellee.

The first ground of contest mentioned above presents the critical question. The other two grounds presented questions of fact for the jury's decision and were resolved in favor of the appellee. Since the evidence was in conflict on these last two issues and the jury's verdict was not contrary to the great weight of the evidence, we would not consider disturbing the verdict.

The testator married the proponent, appellee, October 4, 1954. The will is dated October 11, 1954. It revokes all prior wills; appoints "my beloved wife, Mary Thornton Tankersley", as executrix without bond; directs payment of debts; and gives to wife, Mary Thornton Tankersley, all property of testator.

Apparently (although this evidence was not admitted) testator and appellee were divorced March 10, 1955.

Testator died August 6, 1955, and the will in this case was filed for probate August 26, 1955. Appellants filed a contest and the proceeding was transferred to the Circuit Court and a jury demanded. Trial was had in the Circuit Court and the jury returned a verdict in favor of appellee and judgment, admitting the will to probate, was entered accordingly.

Appellants assign as error:

1. The action of the trial court in sustaining objection to evidence which would tend to prove that testator and proponent had been divorced.

Appellants argue that this evidence was competent because of Tit. 61, § 9(1), as amended by Act approved July 26, 1951, which reads as follows: "A divorce from the bonds of matrimony operates as a revocation of that part of the will of either party, made during coverture, making provision for the spouse of such party; * * *."

2. Appellants also argue that the trial court erred in sustaining objection to a question propounded to a witness seeking to prove there were no debts against the estate and that the contestants, brothers of

testator, agreed that they would settle the estate among themselves.

3. Assignments claiming error in the refusal of certain written charges requested by contestants.

4. Error in refusing to grant the contestants' motion for a new trial.

The motion for a new trial alleged that the contestants had newly discovered evidence which they could not have obtained with reasonable diligence before the trial. This evidence is alleged to be to the effect that the appellee, proponent, had been married prior to her marriage to testator; that she represented herself to testator as being his lawful wife; that she testified at the trial that she was married to testator; but that she was incapable of entering into a valid marriage with testator because her first marriage had never been dissolved by either the death or divorce of her former husband

Appearing in the record in support of this motion is an affidavit purporting to have been made by the first husband of appellee. He states in the affidavit that he married appellee in Phenix City in 1943; that they lived together six months; and that they separated and he lost contact with her; that he never got a divorce and so far as he knew appellee did not get a divorce from him; that while she was living with testator affiant went to Alexander City to see her, and while there saw her in the presence of testator and another witness, and at that time appellee told affiant that she had a divorce that her son had gotten for her in Ohio; that affiant could never find the place in Ohio where she had obtained her divorce from him.

Also appearing in the record are affidavits made by attorneys for appellee, which are to the effect that prior to the trial affiants had advised attorneys for appellants that there was no decree divorcing Mary Emma Davenport (appellee) from her husband, Davenport; thus showing that appellant's attorneys knew of the marital status of appellee, as claimed in the motion for a new trial, prior to contest.

The issue in a will contest is this: Does the instrument offered for probate constitute the last will of the testator. If the paper is in form a will, is executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence is shown, it is the duty of the court to admit it to probate. Conoway v. Fulmer, 172 Ala. 283, 54 So. 624, 34 L.R.A.,N.S., 963; Love v. Rennie, 254 Ala. 382, 48 So.2d 458.

When the instrument is unrevoked, and is testamentary in character, and purports on its face to devise or bequeath real or personal property and is executed according to the formality of the statute by a person of proper ability and qualifications and shown satisfactorily to be of sound mind and not under restraint and is presented for probate, such court has no authority, upon the question of its admission to probate, to inquire whether the provisions of the paper are ineffectual to pass title because the sole beneficiary and executor is dead or otherwise incapacitated to take under the will, or the devise or bequest has otherwise lapsed, or because the provisions of the instrument are ineffectual to pass title to the person named. If any item of the will can have legal effect, the will should be admitted to probate. Love v. Rennie, supra.

Under Tit. 61, §§ 33, 36, there can be no doubt that appellee had the right to submit the will to probate. Even if Tit. 61, § 9(1) should operate to revoke that part of the will making provision for the proponent, under the authorities *ubi supra,* it only operates to revoke that portion and not the entire will. Hence, in the absence of proof of fraud, undue influence, or mental incapacity, the same should be admitted to probate. Evidence then of divorce between testator and proponent after the execution of the will is clearly irrelevant in

this proceeding and the court did not err in refusing to admit it.

■ It is clear from the record that all parties interested in the will have not agreed among themselves to dispense with probate so there was no error in refusing to admit evidence that there were no debts against the estate or of an agreement among contestants only to dispense with probate. It is necessary that *all* parties agree. Carter v. Owens, 41 Ala. 217.

■ There was no error in refusing to grant a new trial where the motion was grounded on newly discovered evidence, when the record discloses that contestants were aware of the facts set forth in the motion for new trial prior to the trial. Before there is to be granted a new trial on this ground petitioner must show the nature of the newly discovered evidence and the fact that such evidence would probably cause a different conclusion to be reached, and that it is not merely in the nature of cumulative evidence, and in addition must show that they had no notice of the existence of the evidence and could not have discovered it by reasonable effort in order to obtain the benefit of it on the trial. Alexander v. Alexander, 230 Ala. 170, 160 So. 343. Contestants have failed to meet these requirements so there was no error in the court's refusal to grant a new trial.

There is likewise no merit in the assignments claiming error in the refusal by the trial court of certain written requested charges. The court's oral charge, together with the written charges requested by the contestants, fully covered the applicable law. Those refused were either abstract or incorrect statements of the pertinent propositions of law, or were covered by the other given charges and oral charge of the court. No error to reverse is therefore made to appear by their refusal.

The motion of appellee to dismiss the appeal on technical grounds will not be considered in view of an affirmance of the judgment.

The record appears to be free of error.

Affirmed.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.

On Motion for Rehearing.

SIMPSON, Justice.

Diligent counsel in application for rehearing have called to our attention the case of Jeffries v. Boyd, 269 Ala. 177, 112 So.2d 210, holding that the ex-wife of the testator who was named a beneficiary under testator's will, was not entitled to letters testamentary, even though she was nominated as executrix in the will.

This case is to be differentiated from the case at bar in that the will in the Jeffries case had already been probated, whereas the present proceedings are to probate the will.

As stated in Conoway v. Fulmer, supra:

"If the paper is in form a will, is executed according to law, and the testator is shown to possess the requisite capacity, and no undue influence be shown, it is the duty of the court to admit it to probate."

Also:

"It is no part of the duty of the probate court to construe the will, or to pass upon the effect of its provisions."—172 Ala. 285, 286, 54 So. 625.

This is exactly what the appellants are asking this court to do in this appeal.

Love v. Rennie, supra, affirms the holding of the Conoway case and re-affirms the principle that if any item of the will can have legal effect, the will should be admitted to probate, if it has been proven to be properly executed, and that the testator possessed the requisite capacity, etc.

Again quoting from Conoway v. Fulmer:

"The first clause performs one of the most important functions of a will—

to wit, the revocation of all previous wills; and the item numbered 'First' directs that all of the testator's debts be paid as soon as possible after the death of the testator. But, aside from that, the utmost that can be claimed is that, if all the devises are void * *, the result would be that, after the payment of debts, the property of the decedent should be distributed according to the statutes of descent and distribution; * * *." 172 Ala. 286, 54 So. 625.

We hold, therefore, to the conclusions reached on original deliverance. After probate if appellee should be proven disqualified to act as executrix under the ruling of the Jeffries case, that would be a matter for judicial determination when the matter is properly presented to the lower court.

Application for rehearing overruled.

LAWSON, STAKELY, GOODWYN, MERRILL and COLEMAN, JJ., concur.